# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1598

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *    Appeals from the United States
    v.                                       *    District Court for the
                                             *    Eastern District of Missouri.
Carl Thomas Whipple,                         *
                                             *
            Appellant.                       *

_____

No. 04-1750

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *
    v.                                       *
                                             *
Terrance Everett Fuller,                     *
                                             *
            Appellant.                       *

_____

Submitted: March 16, 2005
Filed: July 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Carl Whipple appeals his conviction and sentence on one count of conspiring to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. He argues that the evidence introduced at trial was insufficient to support his conviction and that the district court sentenced him in violation of his sixth amendment rights. We affirm his conviction, but we vacate his sentence and remand to the district court for resentencing.

Terrance Fuller also appeals his conviction and sentence on one count of conspiring to distribute cocaine, *see* 21 U.S.C. §§ 841(a)(1), 846. We affirm his conviction and sentence.

I.

A.

Only if no "interpretation of the evidence ... would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt" will we reverse a jury's verdict on the grounds of insufficient evidence. *United States v. Galvan*, 961 F.2d 738, 740-41 (8th Cir. 1992). Despite Mr. Whipple's argument to the contrary, there was ample evidence offered at trial to support his conviction for conspiring to distribute cocaine.

At trial, Merlin Kauffman testified that Mr. Whipple had him put the title to several vehicles in his name and recruited him to drive various vehicles from Phoenix to cities in the Midwest. Mr. Kauffman described a typical trip: After driving one of the vehicles to a city designated by Mr. Whipple, Mr. Kauffman would telephone Mr. Whipple, who would arrange for someone to retrieve the vehicle from the parking lot of Mr. Kauffman's hotel. Once the vehicle was returned to the parking lot, Mr. Kauffman would drive it back to Phoenix and collect a cash payment of around $10,000 from Mr. Whipple. An FBI agent and Mr. Kauffman also testified that, after FBI agents confronted Mr. Kauffman with evidence of his drug trafficking,

Mr. Kauffman agreed that he would travel by way of Denver when delivering a vehicle to Chicago for Mr. Whipple; while in Denver, Mr. Kauffman consented to a search of the vehicle by FBI agents. According to the FBI witness, the search revealed cocaine that was hidden in a secret compartment of the vehicle. Mr. Kauffman testified that he then proceeded to Chicago to attempt a controlled delivery, which failed. Some of the telephone conversations Mr. Kauffman had with Mr. Whipple to coordinate the delivery of the vehicle, however, were recorded.

It is manifest that a reasonable jury could infer from this evidence that Messrs. Kauffman and Whipple conspired–that is, "acted in concert to achieve a common goal or acted with a tacit understanding"–to distribute cocaine. *United States v. Agofsky*, 20 F.3d 866, 870 (8th Cir. 1994) (internal citations omitted), *cert. denied*, 513 U.S. 909 & 949 (1994).

B.

Mr. Whipple maintains for the first time on appeal that the district court violated his sixth amendment rights by sentencing him under the guidelines and by finding facts that increased his offense level. We review for plain error. *See United States v. Pirani*, 406 F.3d 543, 548-50 (8th Cir. 2005) (en banc). The district court sentenced Mr. Whipple before the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and erred by not sentencing him under the advisory-guidelines scheme set out in that case.

To be eligible for plain-error relief, however, Mr. Whipple must show that the error affected his substantial rights by "demonstrat[ing] a reasonable probability that he would have received a more favorable sentence with the *Booker* error eliminated." *Pirani*, 406 F.3d at 551. The district court sentenced Mr. Whipple at the bottom of the applicable guidelines range (292 months), and although this fact alone does not give rise to a "reasonable probability" that his sentence would have been shorter, *see id.* at 553, we conclude that the district court's comments about Mr. Whipple's

-3-

sentence show that such a probability exists. After the district court acknowledged that 292 months was "probably a life sentence" for Mr. Whipple in light of his "health and age," it declared, "[I]f I didn't have to deal with these guidelines [Mr. Whipple's sentence] would likely be something significantly different." The court felt constrained to follow the guidelines, stating that otherwise "the court of appeals ... will make me put [the sentence] in [the guidelines'] box, so what's the point? Got to put [the sentence] in the box." The district court's displeasure with the sentence that Mr. Williams received was rooted in health and age considerations that district courts now may take into account when sentencing. *See* 18 U.S.C. § 3553(a)(1); *Booker*, 125 S. Ct. at 764-67. But at the time of Mr. Whipple's sentencing, the court believed that its hands were tied by the mandatory character of the guidelines. We think that there is a reasonable probability that Mr. Whipple's sentence would have been lower had the district court been aware of and applied the legal principles outlined in *Booker*. *See United States v. Rodriguez-Ceballos*, 407 F.3d 937, 941 (8th Cir. 2005); *Pirani*, 406 F.3d at 553 n.6.

Mr. Whipple still cannot obtain relief unless the district court's error " 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Atkinson*, 297 U.S. 157, 160 (1936)). This last element of plain error is satisfied by the prospect that Mr. Whipple's sentence is much more severe than what the district court would have imposed pursuant to the advisory guidelines and the other considerations set out in § 3553(a). *See Rodriguez-Ceballos*, 407 F.3d at 941-42. We therefore conclude that Mr. Whipple must be resentenced.

## II.

Like Mr. Whipple, Mr. Fuller asserts that the evidence offered at trial was insufficient to support his conviction for conspiring to distribute cocaine. The record, though, includes testimony that Mr. Fuller purchased one or more kilograms of cocaine from one of his co-defendants on multiple occasions, that two bricks of

cocaine were found in a store that Mr. Fuller had rented and outside of which Mr. Fuller was arrested shortly before the cocaine was discovered, that a car titled to Mr. Fuller and which he claimed to have sold was found in Arizona with forty-nine kilograms of cocaine in it, and that one of the co-defendants from whom Mr. Fuller purchased cocaine aided Mr. Fuller's purchase of a new pick-up truck by providing a trade-in vehicle. Mr. Fuller argues that the evidence demonstrates at most that he was a customer of one of his co-defendants, and he correctly notes that a "mere sales agreement" does not prove a conspiracy, *see United States v. Prieskorn*, 658 F.2d 631, 634 (8th Cir. 1981). The quantity and frequency of Mr. Fuller's drug purchases, combined with his other actions, however, are an adequate basis from which a reasonable jury could conclude that Mr. Fuller was not just a one-time buyer who purchased "small amounts of drugs consistent with personal use" but instead both knew of "the conspiracy's general purpose and scope" and knowingly participated in it. *Id.* (internal quotations omitted).

Mr. Fuller also contests the district court's admission of various items of evidence at trial. Some of the allegedly objectionable evidence was testimony that, according to Mr. Fuller, was about "other acts" that Federal Rule of Evidence 404(b) excludes. The testimony, though, was about Mr. Fuller's connections to his alleged co-conspirators and about acts performed in furtherance of the conspiracy. "[S]uch evidence is not of 'other crimes,' but rather is evidence of the very crime charged." *United States v. Aranda*, 963 F.2d 211, 214 (8th Cir. 1992).

Mr. Fuller also challenges the admission into evidence of his prior conviction for conspiring to distribute and possess with intent to distribute cocaine. He maintains that the prior conviction was irrelevant for any reason other than to prove his propensity to violate drug laws. At the time the prior conviction was admitted, however, the district court instructed the jury that "a similar act in the past ... is not evidence that [Mr. Fuller] committed such an act in this case" and told the jury to use the prior conviction only as "evidence to decide motive, knowledge, plan, intent, and

absence of mistake." Mr. Fuller's previous argument that his role as a purchaser of cocaine was insufficient to prove that he conspired illustrates the relevance of his prior conviction to his knowledge of the conspiracy and his intent to participate in it. We therefore decline to conclude that Mr. Fuller's prior conviction "had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts," which is the only circumstance in which we would reverse the district court's admission of the conviction. *United States v. Brown*, 148 F.3d 1003, 1009 (8th Cir. 1998).

We have considered Mr. Fuller's other assignments of error and have determined that they are meritless. We therefore affirm his conviction and sentence.

III.

We affirm the convictions of Messrs. Whipple and Fuller and the sentence of Mr. Fuller. We, however, vacate Mr. Whipple's sentence and remand to the district court for resentencing in accordance with *Booker*.

_____