# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1366

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ruth Kane, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 5, 2005
Filed: September 6, 2005

_____

Before COLLOTON, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ruth Kane appeals the district court's judgment entered upon a jury verdict finding her guilty of aggravated sexual abuse, and conspiracy to commit aggravated sexual abuse, for her role in accepting payment from and assisting Joseph Champion to engage in sexual acts with her daughter, who was under twelve at the time. See 18 U.S.C. §§ 2241(c), 371, and 2. On appeal, Kane challenges the sufficiency of the evidence, and seeks review of her 210-month sentence based on United States v. Booker, 125 S. Ct. 738 (2005). We affirm Kane's convictions, but remand to the district court for resentencing in light of Booker.

Kane's convictions required proof that she crossed a state line with intent to engage in a sexual act with a person who had not yet attained the age of twelve, or that she aided or abetted another to do so, and that she conspired with another to commit the offense. See 18 U.S.C. §§ 2241(c), 371, and 2. At trial, Kane's daughter, who formerly lived with Kane in Missouri, and Champion, who lived in Illinois, testified in part that, pursuant to an agreement between Kane and Champion, Champion on several occasions rubbed his penis against Kane's daughter's vagina when she was nine or ten years old, at times while Kane held her. We conclude that this evidence, viewed in the light most favorable to the government, overwhelmingly supports the verdict. See 18 U.S.C. § 2246(2)(A), (D); United States v. Kenyon, 397 F.3d 1071, 1076-77 (8th Cir. 2005); United States v. Eagle, 137 F.3d 1011, 1013-14 (8th Cir. 1998). In addition, we find no merit to Kane's contention--not raised below and reviewable only for plain error, see United States v. Woodard, 315 F.3d 1000, 1004 (8th Cir. 2003)--that instructing the jury that it could convict her for Champion's intentional touching of the victim's unclothed genitalia resulted in a constructive amendment to the indictment. See United States v. Barrios-Perez, 317 F.3d 777, 779-80 (8th Cir. 2003).

Turning to Kane's Booker challenge to her sentence, Kane did not raise an appropriate objection below, so this court reviews for plain error; in other words, there must be (1) error, (2) that is plain, and (3) that affects substantial rights, and, if all three conditions are met, this court may remedy the error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). The Booker error is plain, see id. at 553 ("All sentences imposed by a district court that mistakenly (though understandably) believed the Guidelines to be mandatory contain Booker error."), but to satisfy the third factor Kane must show a reasonable probability based on the record as a whole that she would have received a more favorable sentence but for the treatment of the Guidelines as mandatory, see id. at 552.

Although the district court did not explicitly say it preferred to give Kane a lower sentence, cf. United States v. Plumman, 409 F.3d 919, 931-32 (8th Cir. 2005) (finding plain error and remanding where sentencing court expressed belief that life sentence was too severe; district court said it would have departed downward if it could have without being reversed on appeal), the court expressed concern about factors not relevant under the then-mandatory Guidelines. Specifically, the court believed Kane's use of alcohol and drugs made her susceptible to Champion's influence, but observed that Kane's sentence under the Guidelines was not subject to the court's individual judgment. See United States v. Ryder, 414 F.3d 908, 918-20 (8th Cir. 2005) (remanding where district court described case as "sad" and complained of its lack of discretion to sentence elderly defendants to term below Guidelines range because their medical conditions were not serious enough to warrant departure under Guidelines language). The district court also believed that Kane was less culpable and presented less of a threat to society than Champion, who was sentenced by the court to 180 months imprisonment. See United States v. Aldridge, 413 F.3d 829, 835-36 (8th Cir. 2005) (remanding where district court expressed belief that defendant was inappropriately sentenced to longer prison term than his more culpable uncle). When combined with the court's grant of a criminal-history downward departure, and its imposition of a sentence at the bottom of the Guidelines range, we conclude these statements give rise to a reasonable probability that the court would have sentenced Kane more favorably under an advisory Guidelines regime. See United States v. Rodriguez-Ceballos, 407 F.3d 937, 941-42 (8th Cir. 2005) (where district court nearly apologized to defendant for sentence it believed it was required to impose under Guidelines, reviewing court felt confident that reasonable probability existed that sentencing court would have exercised its discretion by imposing more favorable sentence under advisory Guidelines).

Our conclusion that the Booker error affected Kane's substantial rights is not the end of the plain error analysis. We next decide whether to exercise our discretion to remedy the error by considering whether the error "'seriously affects the fairness,

-3-

integrity, or public reputation of judicial proceedings.'" Pirani, 406 F.3d at 550 (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)). In this case, not only is there a reasonable probability that the district court would have imposed a more lenient sentence, see United States v. Betterton, No. 04-2151, 2005 WL 1802464, slip. op. at 9 (8th Cir. Aug. 2, 2005), but the record also reveals the existence of facts, discussed above, that could form "a basis within the 18 U.S.C. § 3553(a) factors for the district court to impose a lower but still reasonable sentence under advisory Guidelines," id. slip op. at 13 (Hansen, J., concurring). See United States v. Whipple, 414 F.3d 887, 891 (8th Cir. 2005) (concluding the fourth element of plain error was satisfied where there was a reasonable probability that the district court might have imposed a more lenient sentence after considering the Guidelines as advisory and applying the other considerations set forth in § 3553(a)).

Accordingly, we affirm Kane's convictions, but we vacate her sentence and remand to the district court for resentencing pursuant to Booker. We express no opinion as to what a reasonable sentence would be, and nothing in this opinion should be construed as an indication that we think a more lenient sentence is warranted.

_____