# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1103

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Ruth Kane, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 26, 2006
Filed: December 18, 2006

_____

Before MURPHY, HANSEN, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Following Ruth Kane's (Kane) conviction for aggravated sexual abuse and conspiracy to commit aggravated sexual abuse of her minor daughter, in violation of 18 U.S.C. §§ 2241(c), 371, and 2, Kane filed an appeal. Kane challenged the sufficiency of the evidence supporting her conviction and her 210-month sentence based on United States v. Booker, 543 U.S. 220 (2005). We affirmed Kane's conviction, but remanded the case to the district court for resentencing in light of Booker. United States v. Kane, 148 F. App'x. 565, 566 (8th Cir. 2005) (per curiam). On remand, the district court resentenced Kane to 120 months' imprisonment. Now, the government appeals Kane's sentence on the basis that it is unreasonable. For the

reasons stated below, we vacate Kane's sentence and remand to the district court for resentencing.

## I.    BACKGROUND

At trial, both Kane's minor daughter and Kane's co-defendant, Joe J. Champion (Champion), testified Champion sexually abused Kane's daughter repeatedly over a two-year period. The first molestation occurred when Kane's daughter was nine years old. Kane's daughter testified Kane took her into the bathroom, where Champion was waiting, and told her to take off her clothes. Kane sat on the toilet and held her daughter on her lap, while Champion removed his pants and then put his penis against Kane's daughter's vagina. Kane's daughter testified it hurt and she passed out. Kane's daughter indicated when she woke up she found blood on her thigh and started to cry. Kane told her to clean up the mess.

According to Kane's daughter, the molestation occurred approximately twice a week. Kane's daughter testified Kane and Champion would typically take her into the bathroom, and Kane would restrain her on Kane's lap while Champion rubbed his penis against her vagina until he ejaculated on her stomach.

Kane's daughter testified the molestation also occurred in Kane's bedroom. Kane's daughter testified she would lie on the bed and Champion would rub his penis against her vagina until Champion ejaculated. Throughout the encounter, Kane would either stand against the bedroom door or lie with her daughter on the bed. When the encounter was over Kane would wipe away Champion's semen as Kane's daughter cried. Champion abused Kane's daughter in this manner more than 200 times. Kane's daughter and Champion testified Kane received payments of $20 from Champion as compensation for providing her daughter for Champion's sexual gratification.

The jury convicted Kane of aggravated sexual abuse and conspiracy to commit aggravated sexual abuse of her minor daughter, in violation of 18 U.S.C. §§ 2241(c),

371, and 2. The district court sentenced Kane to 210 months' imprisonment for aggravated sexual abuse of a child under the age of twelve and to 60 months' imprisonment for conspiracy to commit sexual abuse of a child under the age of twelve, to run concurrently. We affirmed Kane's conviction, but remanded the case for resentencing in light of Booker.

On remand, the district court resentenced Kane to 120 months' imprisonment, a 90-month downward variance from the low-end of her applicable advisory Guidelines range of 210 to 262 months. The district court based its sentence on the factors set forth in 18 U.S.C. § 3553(a). This appeal followed.

## II.    DISCUSSION

The government argues the district court abused its discretion in sentencing Kane to 120 months. The government contends Kane's sentence is not reasonable in light of the factors set forth in § 3553(a).

We review a district court's decision to sentence outside the advisory Guidelines range for an abuse of discretion. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). An abuse of discretion occurs if the district court (1) failed to consider a relevant factor that should have received significant weight; (2) gave significant weight to an improper or irrelevant factor; or (3) considered only appropriate factors, but committed a clear error of judgment in weighing those factors. United States v. Haack, 403 F.3d 997, 1004 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). We review sentences for reasonableness as measured against the factors set forth in § 3553(a). Mashek, 406 F.3d at 1015-16. In making a reasonableness determination, we ask whether the district court abused its discretion. United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005). A sentence outside the Guidelines range is not presumptively reasonable. United States v. Wattree, 431 F.3d 618, 624 (8th Cir. 2005). The farther the district court varies from the advisory Guidelines range, the more compelling the justification based on the § 3553(a) factors should be. United States v. McMannus,

436 F.3d 871, 874 (8th Cir. 2006). Although the district court need not mechanically recite every factor of § 3553(a), the court needs to consider the relevant factors in imposing a sentence. United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005).

First, the government contends the district court failed to sufficiently consider the seriousness of the offense, as outlined in § 3553(a)(2)(A), in determining Kane's sentence. We agree. The facts in this case are no less than horrifying and do not support a downward variance of 90 months from the low-end of the advisory Guidelines range. As the record indicates, Kane is a mother who, for $20, repeatedly (1) sold her minor daughter to a pedophile for sexual exploitation, and (2) physically participated and restrained her daughter so the pedophile could sexually abuse her. It would take a very compelling justification to reduce the sentence of a mother who submits her child to such abuse.

Next, the government contends the district court inappropriately considered the history and characteristics of Kane, as outlined in § 3553(a)(1). Specifically, the government claims the district court gave inappropriate weight to Kane's rehabilitative efforts while in prison, the unsupported conclusion Kane would not commit future crimes, and Kane's prior substance abuse. It is true Kane has made rehabilitative efforts, which include attending parenting classes, participating in vocational training, and obtaining a GED. While those efforts are commendable, Kane did not make those efforts until after her initial sentence was imposed and after she filed an appeal. Kane's belated rehabilitative efforts are not extraordinary and do not support a sentence reduction. See United States v. Robinson, 454 F.3d 839, 842-43 (8th Cir. 2006) ("Even in cases where a rehabilitation is dramatic and hopefully permanent a district court cannot place too much emphasis on that fact." (citation and internal quotation omitted)). A variance based on Kane's rehabilitative efforts was inappropriate.

The district court also determined Kane would not commit future crimes. With respect to recidivism, the district court stated briefly: "I don't think you pose a danger to the public or likelihood that you'll be a recidivist." Kane argues that her age, criminal history category, and the fact that she never sexually molested her minor daughter are indicative of a slim chance of recidivism. But these arguments do not exculpate or lessen the horrendous treatment to which she subjected her minor daughter for money, nor do they indicate she would not commit this type of crime again in the name of money. The Supreme Court explains the "risk of recidivism posed by sex offenders is frightening and high." Smith v. Doe, 538 U.S. 84, 103 (2003) (citation and internal quotation omitted); see Doe v. Miller, 405 F.3d 700, 721 (8th Cir.), cert. denied, 126 S. Ct. 757 (2005). Nothing in the record supports the district court's conclusion Kane probably will not repeat this type of crime.

The district court further considered Kane's prior substance abuse as a mitigating factor. The district court stated: " I've gone below the guidelines in your case because of your prior history of this substance abuse as well as your mental health. That made you particularly susceptible to Mr. Champion's influence." However, there is no evidence in the record linking Kane's substance abuse or mental illness with the crimes Kane committed against her daughter. Nor is there evidence in the record indicating Kane committed these crimes because she was susceptible to, or influenced by, Champion. Furthermore, drug or alcohol abuse and mental conditions are not proper grounds for a downward variance, absent extraordinary circumstances. United States v. Lee, 454 F.3d 836, 839 (8th Cir. 2006) (stating a defendant's drug abuse is not a proper ground for a downward variance, absent extraordinary circumstances (citing § 3553(a)(5)(A) and U.S.S.G.§ 5H1.4)); United States v. Gall, 446 F.3d 884, 887-88, 890 (8th Cir. 2006) (mental immaturity of defendant is not a proper factor for a downward variance). The district court abused its discretion in considering Kane's prior substance abuse and mental or emotional condition as bases for a downward variance.

The government also contends the district court inappropriately considered the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct under § 3553(a)(6). The district court determined Champion was more culpable than Kane, thus, she deserved a lower sentence. Although § 3553(a)(6) may more appropriately apply to disparities on a national level and not within the same conspiracy, see, e.g., United States v. Parker, 462 F.3d 273, 277 (3d Cir.), cert. denied, 127 S. Ct. 462 (2006), we will follow our own precedent and the district court's comparison, United States v. Lazenby, 439 F.3d 928, 932-34 (8th Cir. 2006). It is difficult to determine who is more culpable–Champion, a child predator, or Kane, a mother who repeatedly sold her nine-year-old daughter for $20 to gratify the sexual pleasures of a child predator.

Here, both Champion and Kane had a base offense level of 37. Champion received a three-level reduction for acceptance of responsibility, reducing his offense level to 34. Kane was not entitled to receive this three-level reduction because she went to trial and challenged her guilt. See, e.g., United States v. Bell, 411 F.3d 960, 963-64 (8th Cir.), cert. denied, 126 S. Ct. 471 (2005). Champion, with a base offense level 34 and criminal history category I, had an advisory Guidelines sentencing range of 151to188 months and was sentenced to 180 months. On the other hand, Kane, with a base offense level 37 and criminal history category I, had an advisory Guidelines sentencing range of 210 to 262 months and was sentenced to 120 months. Kane's sentence reflects an unwarranted sentencing disparity.

Kane's 120-month sentence quite simply is not proportional to the circumstances of the crimes and the persons involved. As a result, Kane's sentence is unreasonable and must be vacated.

## III.   CONCLUSION

We vacate Kane's 120 month sentence and remand to the district court for resentencing.

_____