**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 07a0640n.06
Filed: August 30, 2007

No. 06-3014

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| **RICHARD TISDALE,** | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| *Defendant-Appellant* | ) | |
| | ) | |

**Before: CLAY and SUTTON, Circuit Judges; and GREER, District Judge.**[*]

GREER, District Judge. Richard Tisdale (Tisdale) appeals the 180 month sentence imposed following his conviction by a jury of conspiracy in connection with identity documents and four counts of fraud in connection with identity documents. For the reasons which follow, we AFFIRM the district court's sentence.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2004, the federal grand jury in Cleveland, Ohio returned a nine count indictment against Tisdale, his brother John Tisdale and Andrea Dent. Tisdale was charged in Count 1 with a conspiracy to commit fraud in connection with identification documents, to

---

[*] The Honorable J. Ronnie Greer, United States District Judge for the Eastern District of Tennessee, sitting by designation.

transport stolen goods in interstate commerce and to commit money laundering. Tisdale was charged in four additional counts of the indictment with fraud in connection with identity documents. In a related case, Gregory Khabner (Khabner) was charged in a one count information with conspiracy in connection with identity documents. The indictment charged Tisdale and the other defendants with stealing computers, software and related merchandise from various retail stores and subsequently selling the merchandise to Khabner at a discounted price for sale to the public. The defendants were further charged with stealing the identities of innocent victims to rent storage units and vehicles that were used to store the stolen merchandise and transport the defendants to and from their target stores and to open bank accounts into which proceeds from their thefts were deposited.

Tisdale went to trial and was found guilty on all counts on August 15, 2005. All other defendants entered guilty pleas. A presentence report (PSR) was prepared which calculated a base offense level of six. The base offense level was increased by 16 levels pursuant to USSG § 2B1.1(b)(1)(I) because the loss attributable to the defendant was more than one million ($1,000,000) dollars, by two levels pursuant to USSG § 2B1.1(b)(2)(A) because the offense involved more than ten victims, by an additional two levels pursuant to USSG § 2B1.1(b)(10) because the offense involved the possession or use of access making equipment and, finally, by four levels pursuant to USSG § 3B1.1 because the defendant was an organizer or leader of five or more participants in the offense, resulting in a total offense level of 30. The defendant had a host of adult criminal convictions and his total criminal history points was 23 resulting in a criminal history category VI. Based upon these calculations, the PSR determined a guideline range of imprisonment of 168 to 210

months.

The district court adopted the calculations of the PSR except as relates to the amount of loss. The government conceded that the loss was in excess of four hundred thousand ($400,000) dollars but less than one million ($1,000,000) dollars, resulting in a 14 level enhancement rather than the 16 levels calculated in the PSR. This resulted in a total offense level of 28 and a guideline range of imprisonment of 140 to 175 months.

Prior to sentencing, the district court notified Tisdale it was considering an upward departure because of Tisdale's extensive criminal history. Noting the defendant's criminal history to be extensive and that he had nine convictions from 1973 through 1985 for which no criminal history points were assessed because of the age of the convictions, the district court found, pursuant to USSG § 4A1.3(a), that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. The district court then departed upward by one level from 28 to 29 resulting in a guidelines sentencing range of 151 to 188 months. The district court then sentenced Tisdale to 60 months imprisonment for Count 1 and 120 months as to Counts 4, 5, 6 and 7, with the sentence for Counts 4, 5, 6 and 9 to be served consecutively to the sentence for Count 1, resulting in a total sentence of 180 months imprisonment.

Khabner and John Tisdale, who pled guilty prior to trial, were each sentenced to 21 months imprisonment. Andrea Dent was sentenced to two years of probation.

Tisdale timely filed a notice of appeal.

## II. DISCUSSION AND ANALYSIS

On appeal, Tisdale argues that the district court: (i) improperly departed upward by one offense level based upon his extensive criminal history, and (ii) imposed an unreasonable sentence of 180 months imprisonment.

### A. The Upward Departure

Section 4A1.3(a) of the United States Sentencing Guidelines provides for an upward departure when a defendant's criminal history category fails to adequately reflect his criminal history. USSG § 4A1.3(a)(1) provides:

> STANDARD FOR UPWARD DEPARTURE. – If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.

USSG §4A1.3(a)(4)(B) further provides:

> UPWARD DEPARTURE FROM CATEGORY VI – In a case in which the court determines that the extent and nature of the defendant's criminal history, taken together, are sufficient to warrant an upward departure from Criminal History Category VI, the court should structure the departure by moving incrementally down the sentencing table to the next higher offense level in criminal history category VI until it finds a guideline range appropriate to the case.

Criminal history category VI is the highest criminal history category in the sentencing table, United States Sentencing Commission, Guidelines Manual, Chapter V. Thirteen criminal history points are the threshold for designation as criminal history category VI. In this case, the PSR

calculated that Tisdale had 23 points. [1]  In addition, Tisdale has nine other earlier convictions that were too old for the assessment of criminal history points.  This court has held that "[a] criminal history  score greatly exceeding the 13-point threshold is sufficiently unusual to warrant a upward departure," *United States v. Thomas*, 24 F.3d 829, 832 (6th Cir. 1994), and has held that an upward departure is justified in cases where the defendant has other convictions which have not been considered as part of his criminal history score.  *United States v. Matheny*, 450 F.3d 633, 641 (6th Cir. 2006).   We have also held that the district court properly considers the risk of recidivism to be greater where all the criminal history points arise out of the same type of crime, as is the case here where almost all of Tisdale's prior convictions are theft type convictions.  *United States v. Feinman*, 930 F.2d 495, 502 (6th Cir. 1991).

This court has held that 29 points was a valid basis for an upward departure, *United States v. Belanger*, 892 F.2d 473 (6th Cir. 1989), and that an upward departure was warranted where the defendant had 24 criminal history points.  *United States v. Osborne*, 948 F.2d 210, 212-13 (6th Cir. 1991).  Considering that Tisdale had almost twice as many criminal history points as needed for category VI, had numerous earlier convictions which were too old to be counted and that the risk of recidivism is high because of Tisdale's numerous theft related convictions, the district court properly departed upward, resulting in a guidelines range for imprisonment of 151 to 188 months.  We find

---

[1]   Both the district court and the government appear to misstate defendant's criminal history points.  The district court, in its memorandum opinion, states that "defendant has a total of 25 criminal history points" and the government also refers to "Tisdale's criminal history score [as] 25" in its brief.

no merit in the defendant's argument.

### B. **Reasonableness of Defendant's Sentence**

This court reviews a sentence imposed by a district court for reasonableness. *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007); *United States v. Booker*, 543 U.S. 220, 262-263 (2005); *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005); *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006). This court's reasonableness inquiry has both a procedural and a substantive component, requiring review of both procedures followed and the factors considered in determining the sentence. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). Our assessment of the procedural reasonableness of a sentence entails an examination of "whether the district court adequately considered and expressed its application of the relevant factors listed in 18 U.S.C. § 3553(a)" such as to allow "meaningful appellate review," while substantive reasonableness involves considerations of the propriety of the length of the sentence imposed. *United States v. Davis*, 458 F. 3d 505, 510 (6th Cir. 2006) (internal quotation marks and citations omitted).

### 1. **Procedural Reasonableness**

A sentencing court comports with the requirements for procedural reasonableness when it "explain[s] to the parties and the reviewing court its reasons for imposing a particular sentence." *United States v. Jones*, 445 F.3d 865, 871 (6th Cir. 2006); *see also United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (finding that when a district court adequately explains why it imposed a particular sentence, the appellate court does "not further require that it exhaustively explained the obverse-*why* an alternative sentence was *not* selected"). *Rita* requires the sentencing

judge to satisfy the procedural requirement of "set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasonable basis for exercising his own legal decision making authority." *Rita*, 127 S. Ct. at 2468.

Here, the district court adequately considered the relevant § 3553(a) factors, sufficiently stated its reasons for imposing the particular sentence given and addressed the primary arguments made by Tisdale in mitigation. The court found the nature and circumstances of the offense (*i.e.,* the protracted nature of the criminal conduct here), the defendant's "absolute inability to comprehend the magnitude of his criminal conduct" and the extensive nature of the defendant's criminal history to justify a sentence within the properly calculated advisory guidelines sentencing range. The district court heard extensive argument from the defendant concerning defendant's offered reason for a downward variance from the guideline range, (*i.e.,* primarily disparity with co-defendant's sentences) and found this factor to be clearly outweighed by the above stated factors.

As in *Rita*, "[t]he record makes clear that the sentencing judge listen[ed] to each argument," and the "context and the record make clear" that the sentencing judge understood Tisdale's mitigation arguments but did not believe they outweighed the other § 3553(a) factors that the judge found more pertinent. 127 S. Ct. at 2469. While it might have been preferable for the district judge to have gone further and explained specifically why he rejected the defendant's argument for imposing a sentence lower than the guideline range, he was not required to do so and the sentence imposed was procedurally reasonable.

### 2. Substantive Reasonableness

Tisdale also argues that his 180 month sentence was "greater than necessary to comply with the purposes of 18 U.S.C. § 3553." His primary argument is that the disparity between his sentence and the sentences imposed on the other co-defendants renders his sentence unreasonable. As noted above, two of Tisdale's co-defendants received terms of imprisonment of 21 months and the third was placed on probation. In addition, Tisdale argues that his "age, nature of the offense and nature of the Appellant's past offenses would support the conclusion that the trial judge was unreasonably biased in its sentencing of the Appellant." (Brief of Appellant at 14).

It is beyond dispute that one of the factors set forth in 18 U.S.C. § 3553(a) which the court must consider in determining an appropriate sentence in a criminal case is "the need to avoid unwarranted sentence disparities between defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). While acknowledging "[i]t is understandable that Appellant would receive a somewhat higher sentence because he would not be entitled to receive acceptance of responsibility points or substantial assistance points, and he was a Criminal History Category VI under the Guidelines," Tisdale argues, however, that "more than 13 years imprisonment from the same sentencing Judge *seems* to be too wide of a disparity." (Brief of Appellant at 15). (emphasis added)

As the defendant acknowledges, his co-defendants had lower criminal history categories and accepted responsibility for their crimes. The record also establishes that the co-defendants entered pleas to charges involving lower loss amounts and fewer victims than the charges

of which Tisdale was convicted. The co-defendants' cooperation with the government alone was a basis for the disparate sentences imposed in this case. *United States v. Nelson*, 918 F.2d 1268, 1275 (6th Cir. 1990). It is quite clear that the district court in this instance listened to Tisdale's argument concerning disparity and rejected it as a basis for a lower sentence, finding that the nature and circumstances of Tisdale's conduct in this case, his lengthy criminal history and the likelihood of recidivism required the sentence imposed as "sufficient, but not greater than necessary" to meet the purposes of sentencing. 18 U.S.C. § 3553(a). Accordingly, we reject Tisdale's argument. [2]

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment and sentence of the district court.

---

[2] Tisdale makes reference in his brief to his age in the context of his argument concerning the district judge's "potential bias" against the appellant. Tisdale seems to argue that the likelihood of recidivism is less in his case because he "will be in his late 60's before he is released from prison." The district judge did not specifically address Tisdale's age as a mitigating factor possibly justifying a more lenient sentence; however, a district court is not required to address every argument in mitigation, *Jones*, 445 F. 3d at 871, or to recite and analyze explicitly each argument, whether frivolous or nonfrivolous, that a defendant even arguably raises in support of a lower sentence. *See United States v. Liou*, 491 F.3d 334 (6th Cir.2007).

**CLAY, Circuit Judge**, dissenting. I agree with the majority that the district court properly departed upwards one level on account of Defendant's criminal history. In my view, however, the district court's sentence should be vacated because it is procedurally unreasonable under *United States v. Booker*, 543 U.S. 220, 258-65 (2005) and *Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007). Defendant made three specific nonfrivolous arguments sounding in the § 3553(a) factors: (1) extreme disparities between Defendant's Guidelines range and his coconspirators' sentences counseled in favor of a below-Guidelines sentence; (2) comparing Defendant's sentence to those customarily imposed for murder or manslaughter indicated that the applicable Guidelines range was excessive as applied to Defendant; and (3) due to Defendant's age, a within-Guidelines sentence was tantamount to a sentence of life without release. The district court responded to none of these arguments; nor did the court demonstrate that it had heard, understood, and considered them. *See Rita*, 127 S. Ct. at 2469. Moreover, the sentencing transcript does not indicate more than perfunctory consideration of the § 3553(a) factors. For these reasons, the record before the Court hinders appellate review; rather than scrutinizing the district court's actual reasons for selecting Defendant's sentence, we are forced to speculate about what might have been the district court's thought process.

After *Booker*, this Court reviews the district court's sentence for reasonableness. *United States v. Wilms*, — F.3d —, 2007 WL 2077367, at *2 (6th Cir. 2007). Reasonableness review has a procedural and substantive component; *see United States v. Liou*, 491 F.3d 334, 339 (6th Cir. 2007); *Rita*, 127 S. Ct. at 2468-69, the former is at issue here. A sentence is procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to

'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Jones*, 489 F.3d 243, 250-51 (6th Cir. 2007) (internal quotation marks removed) (quoting *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006)).

To satisfy the procedural reasonableness requirement, the district court is required to "set[] forth enough [reasoning] to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Liou*, 491 F.3d at 339 (quoting *Rita*, 127 S. Ct. at 2468). *Rita* implies that the district court must address nonfrivolous arguments raised by the defendant, though sometimes the circumstances will call for only a brief explanation. 127 S. Ct. at 2468. While this does not mean that "a district court's failure to address each argument head-on will . . . lead to automatic vacatur," it does mean that the district court's reasoning, viewed in its context, must be clear from the record. *Liou*, 491 F.3d at 339 n.4.

Defendant's primary argument at sentencing was that his applicable Guidelines range was inordinately long, which he attempted to demonstrate by comparing his prospective sentence to his co-conspirators' sentences. Defendant contended that the need to avoid unwarranted sentencing disparities between himself and his co-conspirators required the district court to vary downwards. *See* § 3553(a)(6). Defendant's argument was substantial. After various adjustments under the Guidelines,[3] Defendant's Guidelines offense level was 29, which produced a range of 151 to 188

---

[3] Defendant's sentence was adjusted for the amount of the loss, see U.S.S.G. § 2B1.1(b)(1)(H), the number of victims, see *id.* § 2B1.1(b)(2)(A), the use of access making equipment, see *id.* § 2B1.1(b)(10), Defendant's role as an organizer or leader of criminal activity

months, given Defendant's criminal history category of VI. Though Defendant's background and role in the offense might warrant a lengthier sentence than the sentences of his co-conspirators, the disparity here was extreme: His sentence of 180 months was 857% greater than the 21-month sentences imposed on co-conspirators Jon Tisdale and George Khabner, and co-conspirator Andrea Dent received no prison time whatsoever.

Defendant also made two other arguments. He compared his sentence to those imposed for murder and manslaughter, implying that his sentence was disproportionately steep, given that his conviction involved only non-violent property crimes. *See* § 3553(a)(2)(A) (noting that the sentence imposed must "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense"). Defendant also argued for a lower sentence because, given his age at the time of sentencing (53), a sentence within the Guidelines might be tantamount to a life sentence. After *Booker*, the district court could properly have considered this fact as a basis for a downward variance. *United States v. Whipple*, 414 F.3d 887, 890-91 (8th Cir. 2005); *see United States v. Husein*, 478 F.3d 318, 329-30 (6th Cir. 2007) (noting that district courts can consider mitigating factors not deemed relevant by the Guidelines).

The district court did not demonstrate that it had heard, understood or considered Defendant's arguments, and it indicated little consideration of the § 3553(a) factors. The court's stated reasons for not varying upwards or downwards were that:

---

that included five or more people, see *id.* § 3B1.1(a), and for Defendant's exceptional criminal history, *id.* § 4A1.3(a)(4)(B).

> The court has considered this case at great length, has considered now that it has the power to vary upward or downward. And given the nature of the conduct here over a protracted period of time, and the defendant's absolute inability to comprehend the magnitude of his criminal conduct, the court will not vary downward. So the court's going to sentence within the 151 to 188 months.

J.A. at 207.[4]

While district courts have substantial discretion to decide how much to say when sentencing a defendant, in my view, this parsimonious statement of reasons constitutes an abuse of that discretion. The district court does make reference to facts relevant to two § 3553(a) factors. *See* §§ 3553(a)(1), (2)(C). But it fails to explain its reasons for rejecting any of Defendant's arguments, or to provide an analysis of the § 3553(a) factors which formed the basis of Defendant's claims. The case is thus on all fours with *Thomas*, where this Court vacated the defendant's sentence as procedurally unreasonable where the district court failed to address any of the defendant's specific arguments and merely stated that the defendant's sentence was reasonable "given the defendant's background and behavior in this particular case." *United States v. Thomas*, — F.3d —, 2007 WL 2287740, at *2 (6th Cir. 2007).

---

[4] The district court also issued a sentencing memorandum, where it provided the following justification for Defendant's sentence:

> After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), and the advisory sentencing guidelines calculation, the Court found no basis to engage in a variation from the advisory guideline range. Consequently, the Court imposed a sentence of 60 months for count one and a sentence of 120 months for the remaining convictions with the sentence of 120 months to be served consecutively to the 60 month sentence for a total of 180 months.

J.A. at 50-51.

Furthermore, unlike the majority, I cannot agree that this record demonstrates that the district court listened to and understood each of Defendant's arguments, but merely found other § 3553(a) factors more pertinent. In *Rita*, the district court summarized the defendant's arguments, and asked questions about each sentencing factor, thus revealing for the record that the court had listened to and considered the defendant's arguments. 127 S. Ct. at 2461-62, 2469. The majority points to nothing in the record that shows the same consideration here. My review of the record has uncovered nothing more than the district judge's statement: "I recognize that [Defendant is] of the view that the disparity here is mind boggling, and I understand that. And I recognize that." J.A. at 211. This statement is inadequate to save the sentence. Defendant made two arguments based on sentencing disparities, and this statement lacks any indication that the district court understood those arguments. Additionally, nowhere in the record does the district court reveal that it understood Defendant's argument that his age counseled in favor of a lower sentence. The district court's cryptic statement is also conclusory, thus engendering uncertainty as to whether "the district court adequately considered and rejected [Defendant's] arguments regarding proper application of the § 3553(a) factors or whether it misconstrued, ignored, or forgot [Defendant's] arguments." *Thomas*, 2007 WL 2287740, at *4 (holding that district judge's statement that "I certainly have received [the sentencing memorandum], read it and understand its presentations" did not indicate the required consideration of the defendant's arguments (bracketed text in original)).

The differences between Defendant's sentence and his co-conspirators' sentences are extreme. While distinctions in Defendant's background and conduct might have warranted such

14

large disparities, after Defendant raised the argument, the district court should have supplied enough reasoning for this Court to explain the distinctions that justified Defendant's substantially lengthier sentence. The district court should also have provided some indication of why it rejected Defendant's other arguments. One possibility is that the district court relied on the Guidelines to provide the relevant distinguishing characteristics. But this answer cannot itself suffice; because the Guidelines always supply a potential justification for a within-Guidelines sentence, procedural reasonableness review of within-Guidelines sentences would be meaningless if this Court always inferred that the district court adopted the reasoning of the Sentencing Commission without a showing that the district court *actually* adopted that reasoning. Stated alternatively, this Court reviews what the district court did, not what it might have done. *See id.* at *4 n.3. In my view, the sentence imposed here does not allow the Court to evaluate the district court's reasons for imposing Defendant's sentence.

For these reasons, I respectfully dissent.