NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0305n.06

No. 09-6325

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**May 10, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| BRANDON COLE | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE and STRANCH, Circuit Judges; and ZATKOFF, District Judge[*]

**COLE, Circuit Judge**.  After Brandon Cole pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), the district court sentenced him to 235 months' incarceration, the bottom of the applicable—and uncontested—range prescribed by the United States Sentencing Guidelines.  On appeal Cole argues that his sentence is substantively unreasonable because the district court failed properly to consider his request that it vary from the Guidelines, which he contends exaggerate his culpability, and impose a sentence no greater than the statutory minimum of fifteen years.  We **AFFIRM**.

## I.  BACKGROUND

On November 19, 2008 officers of the Memphis Police Department ("MPD") arrested Cole

---

[*] The Honorable Lawrence P. Zatkoff, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

for burglary after he ran away from them in an area surrounding a burglarized home. The officers found items stolen in the burglary on Cole's person. Though Cole was handcuffed and placed in the rear of a marked police car, he managed to wriggle out of the restraints and drive off with the car. Cole eventually parked the car at a friend's house and then took the items stolen from the house, along with guns and ammunition belonging to the MPD, from the squad car and hid them behind the house before stealing a red Camry from a nearby carport. Officers spotted Cole in the Camry as he was driving and began pursuing him. Later, Cole reached a dead end, stopped the Camry and put it in reverse, almost hitting one of the detectives and striking a police vehicle in which another detective was sitting.

A hundred-mile per-hour chase ensued. The officers followed Cole through residential neighborhoods and were forced to ignore many traffic signals in pursuit. Ultimately, Cole came to a stop and attempted to flee on foot. The officers caught up with him as he was climbing a fence. A detective launched himself at Cole, causing Cole and the detective to fall off the fence together. Cole landed on the detective and began punching him, continuing to struggle until another detective was able to handcuff Cole's wrists and ankles. During the struggle the detectives asked Cole where the weapons taken from the patrol vehicle were located and he responded with the location.

Cole pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). He later filed a sentencing memorandum before the district court in which he conceded the "technical" applicability of two sentencing enhancements, for possessing a firearm in connection with another felony offense (U.S.S.G. § 2K2.1(b)(6)) and for assaulting an officer during the course of the offense (U.S.S.G. § 3A1.2(c)(1)) (collectively, the "Guidelines enhancements"), but argued

that the Guidelines enhancements exaggerated the wrongfulness of his conduct and therefore could not support a reasonable sentence under 18 U.S.C. § 3553(a)(2)(A). This argument was obscured, however, by Cole's extensive treatment of the case law governing the applicability of the enhancement to a defendant's offense level computation—to which, as noted above, Cole had never objected. Concerned that the enhancements might not properly apply, the district court asked Cole to clarify his objection at sentencing. In response, Cole's attorney reiterated that it was proper for the court to count the enhancement in its Guidelines calculation and clarified that his argument concerned "whether any type of a variance down from the guideline range would be appropriate." (Sentencing Tr. I, Dist. Ct. Docket No. 41, at 59.) Finding that the matter merited further review, the district court ordered a continuance of the sentencing hearing and took the question of the Guidelines enhancements under advisement.

The hearing resumed two days later. The district court began by explaining that it had reviewed the issue of the sentencing enhancements and was convinced that they properly applied and then asked the parties to confirm where the prior sentencing hearing had left off. At this, Cole's attorney reiterated the argument that Cole's possession of the firearm at issue was very brief and that the firearm was not used to endanger the lives of the officers. The district court responded by saying that it was satisfied that the enhancement applied and then proceeded to hear Cole's allocution and pronounce the sentence.

In the course of giving its reasons for the sentence, the district court cataloged Cole's extensive criminal record and found that such a record would normally sway it to give a sentence at the upper end of the applicable Guidelines range. The district court found significant, however, that

Cole disclosed the location of the guns to the MPD, a fact which the district court found sufficient to support a sentence at the bottom of the range.

## IV.  ANALYSIS

Cole seeks remand based on the district court's failure to address his argument for a non-guidelines sentence, which was, in short: that application of the Guidelines enhancements exaggerated the wrongfulness of his offense conduct.

We review Cole's appeal for procedural and substantive reasonableness.  *See United States v. Booker*, 543 U.S. 220, 261 (2005).  The failure to address a defendant's argument at sentencing is procedural and we will review it as such.  *See United States v. Wallace*, 597 F.3d 794, 806 (6th Cir. 2010).  And because Cole did not raise this objection before the district court when prompted at the conclusion of the sentencing hearing, this Court reviews his claim for plain error.  *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc).  An error is plain where it is obvious and clear, and affected a defendant's substantial rights along with the fairness, integrity, or public reputation of the judicial proceedings.  *Id.*

While the failure squarely to address a defendant's argument at sentencing can constitute plain error, *see Wallace*, 597 F.3d at 804-08, we are not persuaded that such an error occurred here. True, the district court might have more clearly stated why it rejected Cole's argument for a nonguidelines sentence, but what it did say and do in pronouncing sentence was sufficient.  The "record makes clear that the sentencing judge listened" to Cole's reasons for a variance: it inquired about them at sentencing, called a recess to consider them, and heard them again after the continuance.  *Rita v. United States*, 551 U.S. 338, 357 (2007).  And it is equally clear that the district

court "was fully aware of the defendant's circumstances and took them into account in sentencing

him." *Vonner*, 516 F.3d at 387 (internal quotation marks omitted). The district court spoke

thoughtfully and at length about all of the individual factors listed in 18 U.S.C. § 3553(a), in addition

to considering Cole's argument for a variance—it did not commit plain error.

## V. CONCLUSION

For the foregoing reasons we **AFFIRM** Cole's sentence.