NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0519n.06

Case No. 18-1964

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Oct 15, 2019

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CORDERO EUGENE BARNES, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before:  MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

**MERRITT, Circuit Judge.**  Cordero Eugene Barnes pled guilty to one count of felon in possession of a firearm and was sentenced to fifty-one months in prison with a three-year term of supervised release.  In this appeal, Barnes argues that his below-Guideline sentence is both procedurally and substantively unreasonable because the District Court used the incorrect guidelines, and that the District Court engaged in impermissible double counting.  For the reasons below, we **AFFIRM**.

## I.

On August 18, 2017, a Kent County, Michigan, Sheriff's Department deputy initiated a traffic stop of the driver of a 1994 Chevrolet Camaro for moving and obstructed vision violations and a passenger seatbelt violation.  Ms. Brittany Rosenow was driving the vehicle, and Barnes was in the front passenger seat.  On the deputy's contact with Rosenow and Barnes, Barnes acted like he was asleep, although the deputy saw him moving inside the Camaro prior to the traffic stop.  When the deputy asked for Barnes' identification, Barnes did not respond.  Rosenow then hit

Barnes on the leg, and Barnes told the deputy he did not have any identification. The deputy noticed Barnes was shaking and that Barnes would not make eye contact. The deputy also smelled the odor of marijuana coming from inside the vehicle. The deputy questioned the occupants about the odor, to which they denied possessing any marijuana. The deputy then informed the occupants he was going to search the vehicle, walked to the passenger side of the vehicle, and instructed Barnes to exit. After observing a knife clipped to the pocket of Barnes' pants, the deputy instructed Barnes to leave the knife inside the vehicle. Barnes complied with the request and denied having any other weapons.

After Barnes exited the vehicle, the deputy noticed Barnes reaching for the waistband of his pants. The deputy reached out and felt a handgun concealed in the waistband of Barnes' pants and under his shirt. The deputy attempted to gain control of Barnes' right arm and instructed him to place his hands on the vehicle. Barnes tensed up and continued to reach for his waistband with his left hand. The deputy warned Barnes that if Barnes continued to reach for the firearm, the deputy would shoot him. While the deputy attempted to handcuff Barnes, Barnes evidently pushed off the vehicle and struck the deputy with his elbow and body, causing the deputy to lose balance. Barnes allegedly reached for his waistband, and the deputy responded by firing two shots at Barnes. One bullet struck Barnes in the forearm, and the other bullet hit a window of a nearby business. Barnes then fled on foot, and the deputy eventually caught up with Barnes and held him on the ground at gunpoint until back up arrived.

A second deputy arrived on the scene and discovered a loaded .22 LR caliber magazine. The deputies found a box in Barnes' backpack located inside the vehicle containing seventy-eight rounds of the same type of ammunition. Investigators recovered at the scene of the traffic stop a loaded .22 LR caliber semiautomatic pistol[1] containing 10 rounds of the same type of ammunition located in Barnes' backpack and the magazine.

---

[1] The handgun was registered to Al and Bob's Sports of Grand Rapids, Michigan. According to documentation provided by Al and Bob's Sports, Angel Nicole Avery purchased the handgun on August 16, 2017, two days prior to Barnes' arrest, to which she admitted. Ms. Avery was allegedly in a dating relationship with Barnes at the time and admitted to being with him from Wednesday, August 16, until the morning of Friday, August 18, 2017. Ms. Avery claimed to not have known her handgun was missing until receiving telephone calls in reference to Barnes getting arrested and being in jail.

Barnes pled guilty to violating 18 U.S.C. § 922(g)(1),[2] felon in possession of a firearm and ammunition. A presentence report prepared on June 25, 2018, found a base offense level of 14 because Barnes was a prohibited person when he committed the crime. U.S.S.G. § 2K2.1(a)(6)(A). The report applied a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B)[3] ("Additional Felony") because of Barnes' use of a firearm in connection with another felony offense, resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1),[4] a felony punishable by up to two years in prison. Additionally, the report applied a two-level increase under U.S.S.G. § 3C1.2[5] ("Reckless Endangerment") for causing reckless endangerment during flight. The report applied a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1(a). [*Id.*] Based on the total offense level of seventeen, combined with a criminal history category of IV, the Guideline range was thirty-seven to forty-six months.

The government initially filed no objections; Barnes filed three objections. First, Barnes objected to the four-level increase under the Additional Felony enhancement. Second, Barnes objected to the two-level increase pursuant to the Reckless Endangerment enhancement. Third, Barnes objected to the cumulative application of the enhancements, asserting that it constituted impermissible double counting.

The government, in its sentencing memorandum, objected to the Reckless Endangerment enhancement, arguing that because Barnes put a law enforcement officer at risk, U.S.S.G. § 3A1.2(c)(1)[6] ("Official Victim"), providing a 6-level increase, applies instead. The government also responded to each of Barnes' objections. Barnes maintained his prior objections and also objected to the Official Victim enhancement, and that application of both the Additional Felony and Official Victim enhancements amounted to impermissible double counting.

---

[2] 18 U.S.C. § 922(g)(1) states: "It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable for a term exceeding one year[] . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]"

[3] U.S.S.G. § 2K2.1(b)(6)(B) provides: "If the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels."

[4] Mich. Comp. Laws § 750.81d(1) states: "[A]n individual who assaults, batters, wounds, resists, obstructs, opposes or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony punishable by imprisonment for not more than 2 years[.]"

[5] U.S.S.G. § 3C1.2 provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."

[6] U.S.S.G. § 3A1.2(c)(1) states: " If, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom . . . increase by 6 levels."

The District Court held a sentencing hearing on August 6, 2018. At sentencing, Barnes withdrew his Additional Felony and Reckless Endangerment objections, but objected to the Official Victim enhancement[7] and application of both the Additional Felony and Official Victim enhancements. The government maintained its objection that the Official Victim enhancement applied instead of the Reckless Endangerment enhancement. The District Court sustained the government's objection and overruled Barnes' double counting objection, applying both the Additional Felony and Official Victim enhancements. The District Court adjusted Barnes' offense level to twenty-one, reflecting the four-level increase of the Additional Felony enhancement, the six-level increase of the Official Victim, and the three-level reduction for acceptance of responsibility. With Barnes' criminal history category of IV, the District Court found a Guideline range of fifty-seven to seventy-one months. The District Court sentenced Barnes to a below-Guideline sentence of fifty-one months with three years' supervised release, finding Barnes entitled to some variance.

## II.

Barnes raises three issues on appeal: (1) whether the sentence is procedurally and substantively reasonable; (2) whether the District Court erred in applying the Additional Felony enhancement under § 2K2.1(b)(6)(B); and (3) whether cumulative application of the Additional Felony and Official Victim enhancements under §§ 2K2.1(b)(6)(B) and 3A1.2(c)(1) is impermissible double counting.

## A.

First, Barnes argues that his sentence is procedurally and substantively unreasonable. We first address the procedural argument. When reviewing for procedural error, our task is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *United States v. Berkey*, 406 F. App'x 938, 939 (6th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Barnes did not make this argument below. We therefore review this challenge for plain error, which requires Barnes "to show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of judicial proceedings." *United States v.*

---

[7] We note that Barnes does not challenge the singular application of the Official Victim enhancement on appeal besides his argument that his sentence is procedurally unreasonable.

*Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citing *United States v. Gardiner*, 463 F.3d 445, 459 (6th Cir. 2006)) (internal quotation marks omitted).

Barnes argues that application of the Official Victim enhancement was prohibited because the presentence report considered applying U.S.S.G. § 2A2.4 ("Obstructing or Impeding Officers").[8] The District Court properly calculated Barnes' base offense level under § 2K2.1.[9] Section 2K2.1(c) instructs courts to apply another guideline only "if the resulting offense level is greater than that determined" under § 2K2.1. The Additional Felony enhancement provides a four-level increase. The Obstructing or Impeding Officers enhancement provides either a two or three-level increase.[10] The presentence report states that "[the Obstructing or Impeding Officers enhancement] was not applied because it would not have resulted in a higher offense level[.]" The District Court did not mention the Obstructing or Impeding Officers enhancement at sentencing. Because the Obstructing or Impeding Officers enhancement does not apply, we do not address the rest of Barnes' meritless argument. Barnes' sentence is procedurally reasonable.

We next address Barnes' argument that his below-Guidelines sentence is substantively unreasonable. "We review the substantive reasonableness of a sentence for abuse of discretion . . . ." *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (internal citation and quotation marks omitted). "A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)."[11] *Id.* (internal quotation marks omitted).

---

[8] The Official Victim enhancement does not apply "if the offense guideline specifically incorporates" the Official Victim factor. § 3A1.2 cmt. n.2. The only offense guideline in Chapter Two that does so, however, is the Obstructing or Impeding Officers enhancement. *Id.*

[9] Appendix A of the Sentencing Guidelines Manual directs application of § 2K2.1 ("Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition") to violations of 18 U.S.C. § 922(g). U.S.S.G. app. A.

[10] U.S.S.G. § 2A2.4 applies a 2-level increase "[i]f the victim sustained bodily injury[]"; and a 3-level increase if "(A) the offense involved physical contact; or (B) a dangerous weapon (including a firearm) was possessed and its use was threatened[.]" Barnes' argument that the Obstructing or Impeding Officers enhancement applies instead of the Additional Felony enhancement is therefore incorrect, as the latter results in a greater offense level than the former.

[11] 18 U.S.C. § 3553(a) provides:

(a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

Conversely, "a sentence is substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (citation omitted). Sentences within the advisory Guideline range are presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). When a "variance results in a sentence even more favorable to the challenging defendant . . . [the] defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (citations omitted).

Barnes does not meet that task. The District Court considered Barnes' age and his five prior adult convictions. The District Court recognized the need for specific deterrence of Barnes, considering his repeated offenses regarding possession of firearms, and general deterrence, citing current nationwide gun violence issues. The District Court further considered Barnes' need for vocational and educational training, substance abuse treatment, counseling, medical attention, and cognitive therapy. Finally, the District Court departed downward six months from the advisory Guideline range, finding Barnes' remorse genuine and potential promising, and concluding that the fifty-one-month sentence was sufficient but not greater than necessary under the circumstances.

The District Court did not abuse its discretion. The record does not show that the District Court selected Barnes' sentence arbitrarily or considered impermissible factors. Nor is there evidence that the District Court neglected any relevant factors or gave undue weight to any particular factor. Barnes' sentence is thus substantively reasonable.

**B.**

Second, Barnes argues that the District Court erred in applying the Additional Felony enhancement. The government asserts that Barnes waived this issue at the sentencing hearing. We do not address arguments waived by express abandonment in the district court. *United States v. Denkins*, 367 F.3d 537, 542 (6th Cir. 2004).

---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

Barnes initially filed an objection to the application of the Additional Felony enhancement. At sentencing, however, defense counsel[12] clearly withdrew the objection:

> THE COURT: You have objections to the guideline scoring. Any other objections to the report?
>
> MS. NIEUWENHUIS: No, you Honor. And I would like to indicate to the Court, I had some adequate time this morning to discuss with Mr. Barnes the objections which had been filed on his behalf, and **we are formally withdrawing our objections to the – in connection with [another felony offense] argument.**

(emphasis added).

The record thus shows that Barnes waived his Additional Felony objection. In light of that waiver, we need not address the allegation of error regarding the application of the Additional Felony enhancement.

**C.**

Third, and finally, Barnes claims that cumulative application of the Additional Felony and Official Victim enhancements is impermissible double counting. "[D]ouble counting occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways . . . but no double counting occurs if the defendant is punished for distinct aspects of his conduct." *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (citing *United States v. Moon*, 513 F.3d 527, 542 (6th Cir. 2008)).

We have not specifically addressed whether it is impermissible double counting to apply both the Additional Felony and Official Victim enhancements. We have held, however, that "[d]ouble counting is allowed where it appears that Congress or the Sentencing Commission intended to attach multiple penalties to the same conduct." *Battaglia*, 624 F.3d at 351 (citation and internal quotation marks omitted). The Guidelines, unless instructed otherwise, direct cumulative application of enhancements under Chapter Two and adjustments under Chapter Three, although they "may be triggered by the same conduct." U.S.S.G. § 1B1.1 cmt. n.4B.

Here, the Guidelines do not prohibit cumulative application of the Additional Felony and Official Victim enhancements. The enhancements are found in different chapters, each pertaining to a different aspect of the defendant's conduct. The Additional Felony enhancement is in Chapter 2 of the Guidelines, which concerns the conduct of the offense, specifically, threats to public

---

[12] We note that Attorney Helen C. Nieuwenhuis represented Barnes at the sentencing hearing, and Attorney Robert H. Dietrick represents Barnes on appeal.

safety. The Official Victim enhancement is in Chapter 3A of the Guidelines, regarding characteristics of the victim. Moreover, the Guidelines instruct sentencing courts to apply "any appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two" and then "[a]pply the adjustments as appropriate related to [the] victim . . . from Parts A, B, and C of Chapter Three." U.S.S.G. § 1B1.1 (a)(2)–(3). Additionally, we have affirmed a sentence enhanced under similar provisions. *See United States v. Cole*, 422 F. App'x 471, 472–73 (6th Cir. 2011) (affirming a sentence enhanced under both §§ 2K2.1(b)(6) and 3A1.2(c)(1)). Other circuits also have upheld sentences cumulatively applying similar enhancements. *See United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010) (affirming a sentence enhanced under both §§ 2K2.1(b)(6) and 3A1.2(c)(1)); *United States v. Hill*, 583 F.3d 1075, 1081 (8th Cir. 2009) (holding that "the cumulative enhancements under [U.S.S.G.] §§ 2K2.1(b)(6) or 3A1.2(b) did not constitute impermissible double counting"); *United States v. Coldren*, 359 F.3d 1253, 1256–57 (10th Cir. 2004) (affirming a sentence enhanced under both §§ 2K2.1(b)(5) and 3A1.2(b)); *United States v. Jackson*, 276 F.3d 1231, 1235–36 (11th Cir. 2001) (affirming a sentence enhanced under both §§ 2K2.1(b)(5) and 3A1.2(b)).

The District Court did not engage in impermissible double counting. Each enhancement applies to different aspects of Barnes' conduct: the Additional Felony enhancement addresses Barnes' use of a firearm in connection with a felony, and the Official Victim enhancement concerns the victim's status as a police officer. Therefore, we hold that the District Court's cumulative application of the Additional Felony and Official Victim enhancements under §§ 2K2.1(b)(6)(B) and 3A1.2(c)(1) is not impermissible double counting.

### III.

The sentence imposed by the District Court was both procedurally and substantively reasonable. We further conclude that Barnes waived his claim that the District Court improperly applied the Additional Felony enhancement under § 2K2.1(b)(6)(B), and that the District Court did not engage in impermissible double counting. We **AFFIRM**.