RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0081p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 17-1781

WILLIAM RANDALL SEXTON,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:16-cr-00249-1—Robert J. Jonker, Chief District Judge.

Argued: February 1, 2018

Decided and Filed: May 1, 2018

Before: BOGGS, CLAY, and DONALD, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Paul L. Nelson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant. Alexis M. Sanford, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Paul L. Nelson, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Grand Rapids, Michigan, for Appellant. Alexis M. Sanford, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

BOGGS, Circuit Judge. Defendant William Sexton appeals his sentence of 96 months of imprisonment for committing bank robbery by intimidation. Sexton argues that his sentence is

substantively unreasonable because the district court failed to explain why it departed upward by 18 months and imposed a 96-month sentence rather than an alternative sentence. We hold that the district court's departure was not substantively unreasonable, and we therefore affirm Sexton's sentence.

**I**

On June 10, 2016, Sexton entered a Chemical Bank in Edwardsburg, Michigan and presented to the teller a note on which Sexton had written that he was robbing the bank and wanted "20s, 50s, and 100." The teller quickly retrieved $1,610 from a drawer and gave it to Sexton, who took the money and the note and then left the bank.

Sexton was arrested later that day and subsequently charged in a single-count indictment with bank robbery by intimidation, in violation of 18 U.S.C. § 2113(a). Sexton pleaded guilty to that charge pursuant to a plea agreement with the government, in which the government agreed to recommend a sentence at the low end of the guideline range.

A probation officer prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing. The PSR concluded that the guideline range was 63 to 78 months of imprisonment, based upon a total offense level of 19 and a criminal history category of VI. However, the PSR recommended a five-level upward departure to reflect the inadequacy of Sexton's criminal history category, pursuant to USSG §4A1.3,[1] resulting in a guideline range of 100 to 125 months of imprisonment. The report recommended a sentence within this range of 120 months of imprisonment.

Sexton then filed a short sentencing memorandum, asking for a sentence at the low end of the original guideline range. Sexton emphasized that the bank robbery was nonviolent and fueled by his need to obtain money to satisfy his drug addiction. Sexton challenged the PSR's conclusion that an upward departure was warranted, arguing that the PSR failed to explain why it recommended a five-level upward departure, rather than a departure of four or fewer levels.

---

[1]Section 4A1.3 of the United States Sentencing Guidelines permits a district court to depart upward in sentencing a defendant when it determines that "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG §4A1.3(a)(1).

At the sentencing hearing, both Sexton and the government agreed that the guideline range of 63 to 78 months of imprisonment had been calculated correctly, and Sexton again urged the court to impose a sentence at the low end of that range, or 63 months, in accordance with the terms of his plea deal. The district judge, agreeing with the PSR's conclusion that Sexton's extensive criminal history merited an upward departure, imposed a sentence of 96 months of imprisonment, less than the five-level upward departure and 120-month sentence that the PSR recommended. The court noted that a two-, three-, or four-level upward departure all would permit the 96-month sentence.

**II**

On appeal, Sexton argues that the district court's imposition of a sentence of 96 months of imprisonment, 18 months above the guideline range, is substantively unreasonable.

**A. Standard of Review**

"This court reviews sentences for both procedural and substantive reasonableness." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). When, as here, a defendant does not challenge the procedural reasonableness of the sentence imposed by the district court, we limit our review to whether the sentence was substantively reasonable. *Ibid.* "We review the substantive reasonableness of a sentence for abuse of discretion, even where the sentence imposed is greater than the guidelines range." *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016). "A sentence is substantively reasonable if it is 'proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a).'" *United States v. Solano-Rosales*, 781 F.3d 345, 356 (6th Cir. 2015) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). In contrast, a sentence is "substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Robinson*, 813 F.3d at 264 (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)).

**B. Analysis**

Sexton argues that his 96-month sentence is substantively unreasonable, on the ground that the district court selected the sentence arbitrarily because it failed to adequately explain why it chose an 18-month upward departure. Specifically, Sexton contends that the district court's sentencing determination was arbitrary because the court did not explain why it decided to impose a sentence of 96 months of imprisonment, rather than, for example, a sentence of 90 or 102 months. Sexton similarly argues that the district court did not adequately explain why a one-level upward departure was not sufficient.

Sexton's arguments are without merit. Although a district court must explain why it decided to depart upward, 18 U.S.C. § 3553(c)(2), this explanation need not present the court's reasons for rejecting alternative sentences, *see United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("When a district court adequately explains *why* it imposed a particular sentence, . . . we do not further require that it exhaustively explain the obverse—*why* an alternative sentence was *not* selected."). Neither must a district court, when deciding to depart upward pursuant to USSG §4A1.3 in a case in which the defendant has amassed more than enough criminal history points to be placed in criminal history category VI, employ a "mechanistic" approach that considers and "explain[s] formalistically, gridblock by gridblock, why each intervening range is inappropriate" before settling on an appropriate range and sentence. *United States v. Herrera-Zuniga*, 571 F.3d 568, 588 (6th Cir. 2009) (quoting *United States v. Thomas*, 24 F.3d 829, 833, 835 (6th Cir. 1994)). Accordingly, in describing why it chose to depart from the guidelines and impose a sentence of 96 months of imprisonment, the district court was required to explain why it chose the sentence that it did, but it was under no obligation to clarify why this particular sentence was appropriate *rather than* an alternative. Similarly, the court did not need to explicitly analyze and express why a one-level departure was not adequate before determining that a two-, three-, or four-level departure was appropriate. While it may be good practice to provide such explanations, a district court's sentencing decision is not arbitrary if it chooses not to do so.

In any event, the district court *did* explain why it decided to impose a sentence of 96 months of imprisonment rather than a sentence involving more or less time in prison. The district court first explained that Sexton's extensive criminal history merited an upward

departure: "[T]here's [a] basis for some departure here on the criminal history because I do think the raw number of [criminal history] points doesn't capture the likelihood of recidivism." The court concluded that Sexton's criminal history category of VI substantially under-represented the likelihood that he would re-offend, since he had an extensive criminal history, including 19 juvenile arrests starting at the age of 11 and 35 convictions for various offenses as an adult. This record amounted to 32 criminal history points, 19 points more than the 13 necessary for criminal history category VI. *See Thomas*, 24 F.3d at 832 ("A [criminal history] score greatly exceeding the 13-point threshold is sufficiently unusual to warrant an upward departure."). The district court, in the written statement of reasons that it submitted the day after Sexton's sentencing hearing, reiterated that it was primarily the risk of recidivism that drove its decision to depart upward:

> The Court departed upward because Category VI substantially understated the defendant's likelihood of re-offense. Defendant has 32 total points spread over 25 years of consistent convictions. He has steady contact with the juvenile system since age 11. Defendant is not especially violent in his criminal conduct, but he consistently creates disturbance to public order and well-being. Plus his pattern of misconduct and risk is getting worse, not better.

The district court acknowledged at the sentencing hearing that the bank robbery in this case, like many of Sexton's prior offenses, was non-violent and appeared to be the product of drug-seeking behavior. But the court was troubled by Sexton's "repetitive pattern of activity" and noted that his criminal behavior always led to some disturbance of public safety and welfare. "[W]hen I put [the bank robbery] in the mix of the overall sentencing history and the overall criminal history, then in my mind there does need to be some upward departure to reflect my own judgment that the likelihood of recidivist behavior is substantially underrepresented at category VI." *See United States v. Tisdale*, 239 F. App'x 962, 965 (6th Cir. 2007) ("We have also held that the district court properly considers the risk of recidivism to be greater where all the criminal history points arise out of the same type of crime.") (citing *United States v. Feinman*, 930 F.2d 495, 502 (6th Cir. 1991)). Nevertheless, the district court declined to adopt the PSR's recommended sentence of 120 months, stating that it was not necessary "to go as high up the chain as [the PSR] says in order to achieve" the purposes of § 3553(a), the most pressing of which in this case, in the court's view, was protecting the public from further crimes of the

defendant. *See* 18 U.S.C. § 3553(a)(2)(C). Accordingly, taking both Sexton's risk of re-offending and the relatively mild nature of the bank robbery and Sexton's other criminal activity into account, the court decided to impose a sentence of 96 months, 18 months more than the high end of Sexton's guideline range, but 24 months lower than what the PSR recommended. The district court was well within its discretion in doing so.

**III**

For the foregoing reasons, we **AFFIRM** the district court's sentencing decision.