**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0292n.06

**No. 18-3922**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**UNITED STATES OF AMERICA,**

        **Plaintiff-Appellee,**

**v.**

**MATTHEW KROFFKE,**

        **Defendant-Appellant.**

**FILED**
Jun 06, 2019
DEBORAH S. HUNT, Clerk

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**

**BEFORE:** COLE, Chief Judge; SILER and CLAY, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Matthew Kroffke appeals the sentence imposed by the district court following Kroffke's pleading guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). We find that the district court's sentence, which fell at the bottom end of the guidelines range, was both procedurally and substantively reasonable. Accordingly, we affirm the district court.

## I. BACKGROUND

On March 28, 2018, the grand jury returned a two-count indictment against Kroffke, charging him with armed bank robbery and brandishing a weapon during a crime of violence. Kroffke pleaded guilty to both counts without a plea agreement. In preparation for sentencing, probation filed a Presentence Investigation Report ("PSI"). The PSI determined that Kroffke's Criminal History Category was I. The PSI calculated Kroffke's total offense level for Count 1 as 19, resulting in a guidelines range of 30 to 37 months of imprisonment, and found that Count 2

triggered a statutory mandatory minimum term of 84 months of imprisonment, to run consecutively to any sentence imposed for Count 1. After combining the 30 to 37 month guideline range for Count 1 and the 84-month mandatory minimum term for Count 2, Kroffke faced a guideline prison term of 114 to 121 months.

Kroffke filed a sentencing memorandum in which he asked the district court to vary downward from the guidelines range and impose an 84-month sentence. Kroffke argued that mitigating personal circumstances warranted a downward variance. He stated that he had a long employment history and had lived a law-abiding life until he began experiencing debilitating hip pain in June of 2016. The hip pain forced him to take a leave of absence from his employment as a carpenter, caused him to move back in with his parents to receive proper medical care, and ultimately necessitated surgery, which confined him to bed for approximately six months. Kroffke's injury coincided with his wife's filing for divorce and leaving him for another man, who moved into the house Kroffke had shared with his wife and three children. According to Kroffke, these unfortunate events plunged him into a deep depression, caused him to suffer severe anxiety, and precipitated his robbing a bank at gunpoint out of desperation. Kroffke additionally argued that a downward variance was warranted because he continues to experience severe hip pain and because the government exercised its discretion to charge him with Count 2, which carried an 84-month mandatory minimum sentence. Kroffke filed eighteen letters in support along with his sentencing memorandum. The government also filed a sentencing memorandum in which it requested that the district court impose a sentence within the guidelines range.

The district court held a sentencing hearing on September 21, 2018. The court stated that, according to the PSI, Kroffke's guidelines range was 114 to 121 months. Kroffke and the government agreed that this was the correct guidelines range. The court then stated that it "read

carefully the defendant's sentencing memorandum, the government's sentencing memorandum, and the victim impact statements that were provided." (R. 37 at 3:20–23.) Next, the court heard from Kroffke's counsel, who reiterated the arguments articulated in Kroffke's sentencing memorandum and requested a downward variance and an 84-month sentence. The court then heard from Kroffke, who apologized to his family, his former wife, and the four women who were in the bank when he committed the armed robbery, explained that he was "desperate, sick, and not thinking clearly" on the day of the crime, and asked the court for leniency. (*Id.* at 11:9–13:3.) The court next heard from the government, which argued for a guidelines range sentence, emphasizing the seriousness of the offense, Kroffke's purported problems with drugs and alcohol abuse, and the need to protect the public and deter future criminal conduct. The court also heard statements from two women who were working as tellers at the bank when Kroffke robbed it at gunpoint.

Next, the court imposed sentence. The court began by stating that it had reviewed the PSI, the sentencing memoranda, the letters Kroffke had provided in support of his request for a variance, and the victim impact statements, and had considered all of the testimony provided in court. The court then stated that the "touchstone of sentencing is 18 U.S.C. § 3553(a)." (*Id.* at 22:7.) The court explained that, when sentencing Kroffke, it must "consider everything [it] can learn" about him and his crimes, compute and consider the guidelines range, and ultimately impose "a sentence that is sufficient but not longer than necessary to accomplish the four statutory purposes of sentencing: [p]unishment, deterrence, protecting the community, and rehabilitation." (*Id*. at 22:11–14.) The district court then found that "a sentence within the advisory range is sufficient but not greater than necessary" to accomplish these goals, and sentenced Kroffke to 114 months, the lowest end of the guideline range. (*Id.* at 22:16–19.)

The district court explained that it had "considered carefully" Kroffke's argument for a downward variance, but had concluded that "if I went to 84 months," as Kroffke had requested, "I would be giving no credit or punishment or deterrence for not just a robbery and not just an armed robbery, but a very vicious and terrifying one . . . ." (*Id.* at 22:20–25.) The district court stated that Kroffke had "sadly changed the lives of all those women, and not for the better," and explained that while it recognized "the physical pain and the anguish [Kroffke was] suffering for over two years" when he committed the crime, the court nonetheless could not understand why Kroffke would think that "terroriz[ing] and traumatiz[ing] four people and put[ting] them in fear of their lives" was a "good solution." (*Id.* at 23:1–8.) After providing this explanation, the court found that its chosen sentence of 114 months of imprisonment was "sufficient but not longer than necessary." (*Id.* at 23:8–9.)

After the court imposed sentence, Kroffke objected to the court's declining to grant him a downward variance. This appeal followed.

## II.  DISCUSSION

### A.  Introduction

We review a defendant's sentence for reasonableness under an abuse-of-discretion standard. *United States v. Donadeo*, 910 F.3d 886, 893 (6th Cir. 2018) (citing *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008)). Reasonableness has two components: procedural and substantive. *Id.* (citing *United States v. Keller*, 498 F.3d 316, 322 (6th Cir. 2007)).

Kroffke contends that his sentence violates both procedural and substantive reasonableness. Kroffke argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for denying Kroffke's request for a downward variance and for ultimately imposing a sentence of 114 months of imprisonment. Kroffke also

asserts that his sentence is substantively unreasonable because the district court failed to sufficiently consider the § 3553(a) factors.

### B. The District Court Did Not Abuse Its Discretion By Imposing a Procedurally Unreasonable Sentence

#### 1. Relevant Legal Principles

A sentence satisfies procedural reasonableness if the district court:

(1) properly calculated the applicable advisory Guidelines range; (2) considered the other [18 U.S.C.] § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Adams*, 873 F.3d 512, 517 (6th Cir. 2017) (quoting *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007)).

"For a sentence to be procedurally reasonable, 'a district court must explain its reasoning to a sufficient degree to allow for meaningful appellate review.'" *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012) (quoting *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007)). Accordingly, "'the record must contain the district court's rationale for concluding that the sentence imposed is sufficient but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).'" *United States v. Cochrane*, 702 F.3d 334, 344 (6th Cir. 2012) (quoting *Bolds*, 511 F.3d at 580). "An explanation is typically adequate if it addresses the factors from 18 U.S.C. § 3553(a) that are relevant to the district court's sentencing decision." *U.S. v. Solano-Rosales*, 781 F.3d 345, 351 (6th Cir. 2015) (citing *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007)). "[P]rocedural reasonableness does not require that a district court provide a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors." *Trejo-Martinez*, 481 F.3d at 413 (citing *United States v. Collington*, 461 F.3d 805, 809 (6th Cir.

2006)). However, "[s]imply 'list[ing] the § 3553(a) factors and various characteristics of the defendant' without 'refer[ing] to the applicable Guidelines range' or 'explaining [the] decision to [stay within or] deviate from that range' is insufficient." *Bolds*, 511 F.3d 568, 580 (6th Cir. 2007) (quoting *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006) (alteration in original)). While a district court must adequately explain its chosen sentence, "'[a] lengthy explanation may be particularly unnecessary where a defendant's arguments are straightforward [and] conceptually simple and where a sentencing court imposes a within-Guidelines sentence.'" *Cochrane*, 702 F.3d at 344 (quoting *United States v. Duane*, 533 F.3d 441, 451 (6th Cir. 2008) (internal quotation marks omitted)).

"[W]hen a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *Bolds*, 511 F.3d at 580 (quoting *United States v. Jones*, 489 F.3d 243, 251 (6th Cir. 2007) (internal quotation marks omitted)). "Reversible procedural error occurs if the sentencing judge fails to 'set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority.'" *Bolds*, 511 F.3d at 580 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

### 2. Application to the Matter at Hand

The district court did not impose a procedurally unreasonable sentence. The district court calculated the correct guidelines range. The court stated that "the touchstone of sentencing is 18 U.S.C. § 3553(a)" and explicitly referenced several of § 3553(a)'s enumerated factors; it stated that it would "consider everything [it] can learn" about Kroffke and his crimes and would impose "a sentence that is sufficient but not longer than necessary to accomplish the four statutory

purposes of sentencing: [p]unishment, deterrence, protecting the community, and rehabilitation." (R. 37 at 22:11–14.) The district court next considered Kroffke's arguments for a downward variance; it stated that it had reviewed Kroffke's sentencing memorandum and read his letters in support, and it heard from Kroffke and his attorney at the sentencing hearing. After considering Kroffke's argument for an 84-month sentence, the government's argument in opposition, and the statements from two of the victims, the court explained that it would not grant a downward variance. The court stated that while it appreciated that Kroffke had been suffering from physical and psychological pain for two years when he committed the armed robbery, a below-guidelines sentence would not provide sufficient "credit or punishment or deterrence" for the "very vicious and terrifying" armed robbery that "changed the lives of all those women" by "put[ting] them in fear of their lives." (*Id.* at 22:20–23:7.) While the court did not explicitly cite § 3553(a) again when it imposed sentence, it justified its sentence by referencing several of the § 3553(a) factors, such as Kroffke's personal characteristics and the nature of his offense, and the need for punishment and deterrence. *See* § 3553(a)(1), (2)(A)–(C). The district court ultimately sentenced Kroffke to the lowest end of the guidelines range. While the district court's explanation for its sentence was "admittedly brief," we believe that "a fuller explanation was not warranted under the circumstances." *Cochrane*, 702 F.3d at 344. The district did not abuse its discretion by imposing a procedurally unreasonable sentence.

Kroffke relies on four cases to argue that the district court violated procedural reasonableness. But none of the cases he cites apply to the instant case. In *United States v. Thomas*, 498 F.3d 336 (6th Cir. 2007), we held that the district court's sentence was procedurally unreasonable when the district court "never mentioned anything resembling the § 3553(a) factors," except for a generalized statement that it had considered them, and when the district court failed

to acknowledge any of the defendant's arguments for a lower sentence, "leav[ing] us unsure" about whether the court considered the defendant's arguments and about how the district court arrived at the sentence it imposed. *Id.* at 341. In the instant case, the district court considered Kroffke's arguments for a downward variance, explained why it declined to impose Kroffke's requested 84-month sentence, and justified its decision by discussing several of the § 3553(a) factors. Thus, *Thomas* is inapposite.

The second case that Kroffke relies on is similarly unpersuasive. In *United States v. Penson*, 526 F.3d 331 (6th Cir. 2008), we held that the district court's sentence was procedurally unreasonable when the district court failed to explain its sentencing decision in light of the § 3553(a) factors and allowed the government, but not defense counsel, to argue for a particular sentence. *Id.* at 338. In the instant case, the district court considered several of the § 3553(a) factors and heard from both Kroffke and his attorney at the sentencing hearing. Accordingly, *Penson* does not apply.

In *United States v. Ferguson*, 518 F. App'x 458 (6th Cir. 2013), we held that the defendant's sentence was procedurally unreasonable because the district court failed to adequately consider the defendant's history and characteristics and never mentioned the seriousness of the crime or the need for punishment or deterrence. *Id.* at 467–68. In the instant case, the district court considered Kroffke's history and characteristics—it referenced the physical pain and psychological anguish he had experienced for two years when he committed the armed robbery. The district court discussed the severity of Kroffke's offense, describing it as a "vicious and terrifying" armed robbery. (R. 37 at 22:23–24.) And it explicitly mentioned the need for "punishment or deterrence" when explaining its sentence. (*Id.* at 22:20–25.) Therefore, *Ferguson* does not support Kroffke's argument.

Finally, in *United States v. Jackson*, 408 F.3d 301 (6th Cir. 2005), we held that the district court violated procedural reasonableness when it granted an eight-level downward departure without providing adequate explanation for its decision. In that case, the district court listed the characteristics of the defendant, but failed to discuss any of the other § 3553(a) factors and never provided any analysis for its sentence. *Id.* at 304–05. *Jackson* does not apply to the instant case. When sentencing Kroffke, the district court mentioned several of the § 3553(a) factors, explained why it declined to grant Kroffke's request for a downward variance, and sufficiently explained the sentence it ultimately imposed.

## C. The District Court Did Not Abuse Its Discretion By Imposing a Substantively Unreasonable Sentence

### 1. Relevant Legal Principles

"To be substantively reasonable, the sentence 'must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a).'" *United States v. Sexton*, 894 F.3d 787, 797 (6th Cir. 2018) (quoting *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008)). "[A] sentence is 'substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Williams*, 762 F. App'x 278, 283 (6th Cir. 2019) (quoting *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018)). "In this circuit, within-Guidelines sentences are afforded a 'presumption of reasonableness.'" *United States v. Young*, No. 18-3029, 2019 WL 1502307, at *1 (6th Cir. Apr. 3, 2019) (quoting *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc)). A defendant seeking to rebut this presumption of reasonableness "bears no small burden." *Id.* (quoting *United States v. Massey*, 663 F.3d 852, 860 (6th Cir. 2011)).

## 2. Application to the Matter at Hand

Kroffke asserts that his sentence is substantively unreasonable "[f]or the same reasons that [his] sentence is procedurally unreasonable," namely that the district court failed to adequately explain its sentence in terms of the § 3553(a) factors. (Appellant Br. at 21.) He also argues that because the district court failed to adequately address the § 3553(a) factors, his guidelines-range sentence is not entitled to the presumption of reasonableness. However, we have already found that the district court sufficiently considered the § 3553(a) factors and that its sentence satisfied procedural reasonableness.

Kroffke has failed to sustain his substantial burden of proving that his guidelines-range sentence was unreasonable. As explained above, the district court adequately considered Kroffke's personal history and characteristics, mentioned several of the § 3553(a) factors, and explained why it declined to grant Kroffke's request for a downward variance. Further, the district court found that the 114-month sentence it imposed was "sufficient but not longer than necessary" to accomplish the purposes of § 3553(a). The district court could have certainly provided a more extensive explanation for its sentence. However, under these circumstances, the district court did not abuse its discretion by imposing a substantively unreasonable sentence.

## III. CONCLUSION

For the reasons explained above, we affirm Kroffke's sentence.