NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0156n.06

Case No. 19-3459

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Mar 13, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JERMAINE DONLOW, | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: MERRITT, LARSEN, and THAPAR, Circuit Judges

**MERRITT, Circuit Judge.** Jermaine Donlow appeals his above-Guidelines sentence following a supervised release violation. Donlow contends that his sentence is both procedurally and substantively unreasonable. For the following reasons, we **AFFIRM.**

**I.**

On November 6, 2017, Donlow pled guilty to conspiring to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1349, and conspiring to launder money, in violation of 18 U.S.C. § 1956(h). The district court imposed a below-Guidelines sentence of twelve months and one day of imprisonment with a three-year term of supervised release. As special conditions of his supervised release, among other things, the court required Donlow to pay restitution and a special assessment, prohibited Donlow from using alcohol, and prohibited Donlow from contacting Della Rivers, his wife and victim of his previous domestic violence.

Donlow completed his term of imprisonment and began supervised release on July 6, 2018. On October 16, 2018, Donlow's probation officer filed a violation report alleging a new law violation. According to the report, on October 14, 2018, the Austintown Police Department arrested and charged Donlow with domestic violence and aggravated menacing involving Rivers. Donlow was evidently intoxicated as well.

On November 7, 2018, Donlow's probation officer filed an amended violation report, adding three more violations: (1) violating a protective order by contacting Rivers; (2) use of alcohol; and (3) failure to pay restitution or the special assessment. The report also stated that since Donlow's arrest on October 14, 2018, he had been convicted of domestic violence and aggravated menacing and sentenced to six months' imprisonment.

On April 18, 2019, the district court held a hearing for the supervised release violations. The court indicated that the Guidelines range was six to twelve months, based on Donlow's criminal history category of IV. The court decided to continue the hearing.

The court held the continued hearing on May 2, 2019, where Donlow admitted the violations. Four witnesses testified at the hearing, as described below. The court, after considering the factors under 18 U.S.C. § 3553(a), ultimately sentenced Donlow to an above-Guidelines sentence of 24 months' imprisonment with a one-year term of supervised release. This appeal followed.

## II.

Donlow challenges the procedural reasonableness and substantive reasonableness of his sentence.

"We review for abuse of discretion the sentence imposed by a district court upon revocation of supervised release." *United States v. Johnson*, 640 F.3d 195, 201 (6th Cir. 2011) (internal

citation omitted). Because Donlow did not make a procedural challenge below, we review the procedural reasonableness of his sentence for plain error, which requires Donlow "to show (1) error, (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (internal quotation marks and internal citation omitted). When reviewing the procedural reasonableness of a sentence, this Court must:

> [E]nsure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3353(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall v. United States*, 552 U.S. 38, 51 (2007).

Donlow does not argue that the district court miscalculated the Guidelines. He contends that the district court did not sufficiently consider the factors under 18 U.S.C. § 3353(a),[1] did not consider his arguments at the hearing, and failed to give a reason for rejecting his mitigation arguments.

---

[1] 18 U.S.C. § 3553(a) provides:

    (a) Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

The district court thoroughly analyzed the factors under § 3353(a). The court discussed the nature and circumstances of the offense, stating that "the defendant contacted Ms. Rivers, went to her residence, entered the residence, [and] assault[ed] her in the presence" of her grandchildren. The court noted that Downlow "tore out an earring and [Rivers'] necklace from around her neck, and later on, he vacated the premises." The court also mentioned that when officers apprehended Donlow, "he was intoxicated," "chose to not comply with law enforcement," and made verbal threats towards the officers. In addition, contrary to Donlow's assertion, the court considered his mitigation argument that his present violation was the result of grief. The court did not find that argument persuasive, citing threatening text messages from Donlow to Rivers the morning before the incident, and Donlow's "pattern of threatening behavior" towards Rivers. Donlow argues that the court did not sufficiently explain its reason for rejecting his mitigation arguments, but "a district court need not provide an explanation for rejecting a mitigating argument if the matter is conceptually simple and the record makes clear that the sentencing judge considered the evidence and arguments." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (internal quotation marks omitted). The court complied with this admonition.

Turning to Donlow's history and characteristics, the court mentioned that it originally sentenced Donlow to a below-Guidelines sentence of twelve months and one day with a three-year term of supervised release. The court explained that although Donlow complied with some of the conditions of supervised release, he twice tested positive for marijuana, had not paid his special assessment or any restitution, and had consumed alcohol. Donlow claims that the court erroneously concluded that he had a pattern of domestic violence, but his criminal history says otherwise. At age 22, Donlow was arrested for domestic violence and aggravated menacing and arson. Donlow committed another domestic violence offense in 2011 at age 38. Less than a month

later, he violated a protection order. The court then cited in detail Donlow's most recent and serious offense towards Rivers before his supervised release violation, which occurred in 2013. Other crimes noted by the court included an attempted burglary and menacing by stalking in 2014, three instances of Driving Under the Influence, and a failure to comply with the order of an officer. The court also mentioned a 2015 fleeing and eluding arrest incident and the violation of a protection order.

The district court ultimately concluded that all of the above resulted in the need for an upward variance in order to impose a just punishment, adequate deterrence, and protection of the public and Rivers. Further, the court reinstated its previously imposed conditions of substance abuse treatment and testing, prohibition on alcohol use, anger management, and mental health treatment. The district court sufficiently considered the factors under 18 U.S.C. § 3353(a). The sentence imposed is thus procedurally reasonable.

We now turn to the substantive reasonableness of Donlow's sentence. Substantive reasonableness is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence is substantively reasonable if it is proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018). (internal quotation marks omitted). Sentences within the advisory Guideline range are presumed reasonable. *Rita v. United States*, 551 U.S. 338, 347 (2007). A sentence outside of the Guidelines range, however, is not presumed unreasonable. *Gall*, 552 U.S. at 51. A reviewing court "may consider the extent of the deviation, but must give due deference to the district court's decision that the [18 U.S.C.] § 3353(a) factors, on a whole, justify the extent of the variance." *Id.*

Donlow maintains that the district court weighed his criminal history too heavily when imposing the sentence. The court relied in large part on Donlow's criminal history, but the court did so because of his egregious behavior towards Rivers' throughout the years. *See United States v. Tristan-Madrigal*, 601 F.3d 629, 631 (6th Cir. 2010) (finding substantively reasonable a fifteen-month upward variance where the defendant had a criminal history category of IV and a pattern of similar offenses); *United States v. Webb*, 403 F.3d 373, 384 (6th Cir. 2005) ("Given [the defendant's] prior convictions and his parole status, it was reasonable for the district court to place substantial weight on [his] criminal history in reaching its sentencing determination."). The court highlighted late 2013, where, in the span of less than a month, Donlow tried to break into Rivers' home three times, was arrested for such behavior once, and threatened to kill Rivers.

The court also considered other factors besides Donlow's criminal history. In considering the nature and circumstances of the present violation, the court pointed to Donlow's abusive conduct towards Rivers in the presence of her grandchildren, Donlow's threatening text messages to Rivers on the day of the violation, and his violent behavior and threats toward the police officers that arrested him. The court also suggested that previous punishment Donlow received for past offenses did not adequately deter him from committing the present violation. The court also considered Donlow's needs regarding substance abuse and anger management, as it imposed related conditions from his earlier term of supervised release. The court ultimately concluded that the twelve-month upward variance was needed to protect Rivers and the public and adequately deter future conduct.

Because the court established a "legitimate correlation" between the twelve-month variance and "the reasons given for it," we cannot say that the district court abused its discretion

by imposing a sentence twelve months above the Guidelines range.  *See United States v. Grossman*, 513 F.3d 592, 596 (6th Cir. 2008).

We thus **AFFIRM** the district court.