NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0326n.06

No. 19-4006

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ANDRE HARRIS, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
Jun 05, 2020
DEBORAH S. HUNT, Clerk

BEFORE:    DONALD, THAPAR, and NALBANDIAN, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.**  In 2019, Appellant Andre Harris pleaded guilty to three counts of bank robbery.  At his sentencing, Harris faced a recommended range of 63 to 78 months' imprisonment under the United States Sentencing Guidelines § 4B1.1(a) (the "Guidelines").  The district court imposed a sentence of 118 months' imprisonment, which Harris challenges in this appeal.  We affirm.

**I.**

In 2005, Harris was convicted of four counts of bank robbery under 18 U.S.C. § 2113(a) and sentenced to 96 months' imprisonment.  While on supervised release for these offenses and state parole for aggravated robbery offenses he committed in 1995, Harris robbed three more banks in February of 2019.  After a federal grand jury charged Harris in a three-count indictment for bank robbery in violation of 18 U.S.C. § 2113(a), Harris pleaded guilty to the bank robbery charges.

The district court held a sentencing hearing on September 26, 2019. The parties agreed that Harris' total offense level was 22 with a criminal history category of IV and that the applicable Guidelines range was 63 to 78 months' imprisonment. Based on Harris' history of recidivism, pattern of dishonesty and theft, and the nature and circumstances of the offense, the government requested an upward variance to a sentence of at least 96 months' imprisonment. After noting Harris' continued struggle with addiction and remorse for his actions, defense counsel requested a sentence within the Guidelines range.

The district court then turned to its consideration of the 18 U.S.C.A. § 3553(a) factors, noting its duty to "protect society" and "deter [Harris] from doing what [he'd] done before," and finding that Harris' prior sentence for the same crimes failed to achieve those goals. The district court additionally acknowledged that although Harris did not threaten the bank tellers with a weapon while demanding money during the 2019 robberies, which he did while committing the 2004 robberies, his actions still invoked a fear of harm in the bank tellers he threatened. Further, the district court explained that although the guidelines account for Harris' criminal history, they fail to account for key considerations relevant to imposing an appropriate sentence. As the district court explained:

> But what the guidelines do[] not take into account is this: You were provided the tools with which to improve your own conduct and condition, and you've shown yourself unwilling to do that. You've shown yourself willing to continue to be a menace and a bully, and to prey on those who are in absolutely no way able to better protect themselves than they have already. And something must be done about that. . . .
>
> What I intend to do here I must do by way of a variance. I am giving you a sentence higher than the guidelines suggest, but not as high as you deserve.
>
> As you know, the statutory maximum in this case is 20 years. This won't approach that. In fact, what I have in mind is even below half of that, but it's well-reasoned.
>
> It's for all the reasons I've suggested, and also, [as the Office of Pretrial Services and Probation] will confirm, that in 2018, the average defendant who received a

> federal sentence for a robbery offense and fell within Category IV received a 118-month sentence. That's your peer group.
>
> And that's the sentence that I will impose. That's the sentence that I hope will promote respect for the law, deter you, and also allow some room for you to improve your conduct and condition.

On these bases, the district court sentenced Harris to a term of 118 months' imprisonment, imposing an upward variance of 40 months above the Guidelines range.

## II.

Harris's sole argument on appeal is that his sentence is substantively unreasonable because the district court afforded an unreasonable amount of weight to his criminal history, a factor already accounted for in the Guidelines.

When reviewing the substantive reasonableness of a sentence, "[w]e ask whether the district court abused its discretion in setting the sentence when evaluating the extent of any departure or variance from the Guidelines range, and we consider the totality of the circumstances." *United States v. Potts*, 947 F.3d 357, 371-72 (6th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Under this standard, this Court will not disturb a district court's ruling unless it was "based on an error of law or a clearly erroneous finding of fact, or when the reviewing court is otherwise left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Kumar*, 750 F.3d 563, 566 (6th Cir. 2014).

"For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). "[A] sentence is 'substantively unreasonable when the district court selects a sentence

arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (quoting *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016)).

Our substantive-reasonableness review begins with the applicable Guidelines range, which both parties agree was properly calculated in this case. *See United States v. Haj-Hamed,* 549 F.3d 1020, 1025 (6th Cir. 2008). "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness." *Gall*, 552 U.S. at 51 (citation omitted). For sentences outside of the Guidelines range, "the greater the district court's variance, the more compelling the evidence must be." *United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009).

Harris concedes that the district court properly calculated that his total offense level was 22 with a criminal history category of IV and a Guidelines range of 63 to 78 months' imprisonment. Harris only takes issue with the district court's reference to his criminal history as it explained its reasoning for imposing his 118-month sentence. As this Court has previously explained, though, "[i]t is eminently reasonable to weigh a defendant's criminal history and the efficacy of prior sentences when selecting the appropriate sentence, regardless of whether it is within or above the Guidelines range." *United States v. Sanbria-Bueno*, 549 F. App'x 434, 441 (6th Cir. 2013). That is precisely what the district court did here. In its decision to vary upward, the district court explained that, in light of the failure of Harris' prior 96-month sentence to deter him from committing the exact same conduct upon his release, a sentence greater than 96 months was necessary. Further, the district court took extra care to ensure it abided by "the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C.A. § 3553(a)(6). After noting that the statutory maximum sentence for Harris' offenses is 240 months' imprisonment, the district court sentenced Harris to 118 months' imprisonment. In making this decision, the district court explained that it came to this number based on the fact that in 2018, the average defendant with a category IV criminal history receiving a federal sentence for robbery was sentenced to a term of 118 months' imprisonment.

Accordingly, we find that the sentence is substantively reasonable and that the district court did not abuse its discretion in imposing an upward variance of 40 months above the Guidelines range.

**III.**

For the forgoing reasons, we **AFFIRM** the district court's sentence.