NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0478n.06
Case No. 20-4217

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Oct 25, 2021 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| NICOLAS DRAKE, | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

Before: CLAY, GIBBONS, and BUSH, Circuit Judges.

JOHN K. BUSH, Circuit Judge. Nicolas Drake appeals his 57-month prison sentence, imposed after he pleaded guilty to one count of felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He contends that his sentence is substantively unreasonable because the district court did not properly consider mitigating factors and gave too much weight to his criminal history in reaching its decision. We affirm Drake's sentence.

I.

On November 5, 2019, Drake was the front-seat passenger in a car that was pulled over by the Cleveland police for failing to yield at a stop sign. During the traffic stop, the officer reported smelling marijuana and requested backup. Drake then fled the scene, leaving behind a bag on the car's floor. The driver consented to a search of the vehicle, and officers discovered that the bag

contained a Smith & Wesson Model M&P9 Shield 9 millimeter caliber semiautomatic pistol loaded with six rounds of ammunition. Drake later admitted that the pistol was his.

Drake was indicted for and pleaded guilty to one count of felon in possession of a firearm and ammunition. At his plea hearing, Drake acknowledged that he was aware of his prior conviction and knew he was prohibited from possessing a firearm.

At his sentencing hearing, Drake objected to several convictions listed in the presentence report. The district court ruled the objections moot, because the convictions did not affect Drake's criminal history score, and stated that the convictions would not be used as a basis for Drake's sentence. After applying a two-level enhancement under U.S.S.G. § 2K2.1(b)(4)(A) for the firearm being stolen[1] and a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, the district court found Drake's total offense level was 19 and his criminal history category was IV, resulting in a guidelines range of 46 to 57 months. It then weighed the sentencing factors listed in 18 U.S.C. § 3553(a) and imposed a sentence of 57 months' imprisonment, followed by three years of supervised release, and a $100 special assessment. Drake timely appealed his sentence.

II.

We review Drake's sentence for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We find an abuse of discretion when we are "left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753 (6th Cir. 2020) (quoting *Coach, Inc. v. Goodfellow*, 717 F.3d 498, 505 (6th Cir. 2013)). "A sentence may be considered

---

[1] The Presentence Report noted that the firearm was stolen but did not apply the enhancement. Prior to sentencing, counsel for the government discussed this with defense counsel and the probation officer who authored the report. All agreed that the enhancement was appropriate.

substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Brown*, 501 F.3d 722, 724 (6th Cir. 2007) (citing *Rita v. United States*, 551 U.S. 338, 356–57 (2007)). Under § 3553(a), a sentence must be "sufficient, but not greater than necessary, . . . to reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense." *See United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008).

Drake's 57-month sentence is within the guidelines range and thus presumptively reasonable. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007) ("[T]he Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.") (quoting *Rita*, 551 U.S. at 350); *see also Vowell*, 516 F.3d 503 at 509 (stating that sentences within the Sentencing Guidelines' range are presumptively reasonable). However, Drake contends that the district court failed to consider his mitigating factors—including his mental health conditions, acceptance of his responsibility, reason for unlawfully possessing the firearm, remorse, substance abuse, and lack of guidance as a youth—in imposing his sentence. He also argues that the district court relied too heavily on his juvenile criminal history and an altercation that occurred while Drake was in pretrial detention.

We find Drake's first contention unpersuasive. Before imposing Drake's sentence, the district court explicitly noted Drake's problematic upbringing and health-related issues. (Sent. Tr., R. 40, Pg. ID 239 ("I will note for the record in considering his sentence that I obviously know he has had a difficult upbringing, raised by parents that may be both addicted, and also in difficult economic circumstances. He does have mental health related issues . . . [and] health issues related

to asthma and diabetes.").) The district court also acknowledged Drake's "long history with drugs." (*Id.*) Drake received a three-level reduction for his acceptance of responsibility as well.

The record also does not support Drake's argument that the district court gave improper weight to Drake's juvenile criminal history or altercation while in custody. The district court pointed to the short amount of time between Drake's March 2019 release from custody and the present offense in November 2019 as a basis for Drake's sentence. It also discussed Drake's criminal history with firearms as *both* a juvenile and an adult, specifically a 2016 conviction of abduction, attempted felonious assault with a firearm, and attempted burglary. *See, e.g.*, *United States v. Sexton*, 889 F.3d 262, 266 (6th Cir. 2018) (discussing the defendant's history of similar crimes and its effect on the community). It stated that Drake fled after he committed his present offense, "which makes it even worse." (Sent. Tr., R. 40, Pg. ID 240.) Further, it noted Drake's altercation while in custody as "another" reason for the sentence, even though the specific aggressor of the fight had not been identified. (*Id.*) And then it deliberately chose a sentence within the Sentencing Guidelines, finding that "a lengthy sentence is required." (*Id.*) That is, the district court selected a sentence that it believed fit Drake's crime and provided sufficient reasons to justify it. *See Vowell*, 516 F.3d at 512. This decision was not an abuse of discretion. *See* 18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 59–60 (instructing the Court of Appeals to give "due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.").

### III.

For the foregoing reasons, we affirm Drake's sentence.