NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0138n.06

No. 24-1716

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Mar 11, 2025

KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| GUADALUPE HERNANDEZ-RIOS, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: GIBBONS, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Guadalupe Hernandez-Rios, a Mexican citizen illegally present in the United States, pleaded guilty to alien felony reentry. The district court imposed a within-Guidelines sentence of 28 months' imprisonment. Hernandez-Rios appeals, challenging the reasonableness of his sentence. We AFFIRM.

I.

Guadalupe Hernandez-Rios is a Mexican citizen. He entered the United States illegally in 2008 and has been removed to Mexico on five occasions. In 2008, U.S. Border Patrol arrested him and granted him permission to voluntarily return to Mexico. Then, in 2011, he was removed twice—on April 12 and April 22. And he was again removed in 2016 and 2017.

While in the United States, Hernandez-Rios accumulated an extensive criminal history. Since 2011, he has been convicted of driving without a license, operating while intoxicated on three different occasions, domestic violence, using false documents, and alien felon reentry on two occasions, including the present conviction.

On January 28, 2024, Allegan County Sheriff's Office deputies initiated a traffic stop after they observed Hernandez-Rios driving 89 miles per hour in a 70 miles-per-hour zone and crossing the right fog line multiple times. Subsequent field sobriety and blood alcohol content tests confirmed that Hernandez-Rios was driving while intoxicated. Following a records check, deputies discovered that he had three active warrants and that he had not lawfully entered the United States since his last removal in August of 2017.

Hernandez-Rios pleaded guilty to the offense of returning to the United States without authorization after having been removed following conviction for a felony offense, in violation of 8 U.S.C. § 1326(a), (b)(1). The recommended Guidelines range for Hernandez-Rios's offense was 24 to 30 months' imprisonment. Hernandez-Rios requested a downward variance to 20 months. The court rejected his request and imposed a within-Guidelines sentence of 28 months in prison to be followed by three years of supervised release. Hernandez-Rios appealed, challenging the reasonableness of his sentence.

II.

We review a challenge to the reasonableness of a sentence for an abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *Id.* Substantive reasonableness asks whether "a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. A claim of substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others." *Id.*

A.

Hernandez-Rios argues that the district court's selection of his sentence was arbitrary and unreasonable because the court failed to provide a specific explanation as to why his 28-month sentence was sufficient but not greater than necessary to achieve the statutory sentencing purposes. He presents his argument as a challenge to the substantive reasonableness of his sentence, and the government seems to agree. But an argument that the court failed to adequately explain why it chose a sentence is a challenge to the procedural reasonableness of a sentence. *See Rayyan*, 885 F.3d at 440. We treat it as such.

*Procedural reasonableness.* When a defendant fails to appropriately preserve a procedural-reasonableness argument below, we review for plain error. *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022). Here, Hernandez-Rios did not object to the district court's explanation for his sentence. When asked whether Hernandez-Rios had "any legal objection to the sentence imposed," counsel responded, "No, Your Honor." R. 34 Sentencing Tr., PageID 143. And when asked whether he was "satisfied [that the court] addressed all [his] arguments on the record," he responded, "I am, Your Honor." *Id.* On appeal, Hernandez-Rios now objects to the court's explanation, or lack thereof, for the sentence imposed. Because he failed to raise this objection below, we review his claim under the plain-error standard. *Nunley*, 29 F.4th at 830. But because we see no error, we would reach the same result even absent that standard.

While the court is not required to recite the § 3553(a) factors, *United States v. Blackwell*, 459 F.3d 739, 773 (6th Cir. 2006), it must explain the chosen sentence sufficiently to "allow for meaningful appellate review." *Chavez-Meza v. United States*, 585 U.S. 109, 115 (2018) (citation omitted). "[H]ow much of an explanation this requires . . . depends . . . upon the circumstances of the particular case." *Id.* at 116. The sentencing court should set forth enough to satisfy the

appellate court that it has "considered the parties' arguments" and supporting evidence, that it "was fully aware of the defendant's circumstances and took them into consideration in sentencing him," and that it "has a reasoned basis for exercising his own legal decisionmaking authority." *Nunley*, 29 F.4th at 833 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007) and *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008)). The record in this case reflects that the district court did just that.

The court acknowledged its "duty to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in . . . [§] 3553(a)" and noted that it took the Guidelines into account as "an initial benchmark." R. 34 Sentencing Tr., PageID 138. The court explained that it "considered all the defendant's arguments in support of his request for a lower sentence" along with the PSR that was prepared. *Id.* at 139. The court then highlighted the importance of particular § 3553(a) factors such as the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to deter criminal conduct and protect the public. The court explained that Hernandez-Rios "has a very significant history of ignoring the immigration laws of the United States," having been removed five times over the last fifteen or so years. *Id.* at 140. And while in this country, Hernandez-Rios "posed a detriment or potential detriment to the citizens . . . regarding his operation of motor vehicles while impaired or intoxicated." *Id.* at 140–41. The court recognized that Hernandez-Rios continued to return to this country to be with his children but stressed the importance of specific deterrence in light of the criminal history in this case. The court found that Hernandez-Rios's numerous charges for impaired driving posed a potential danger to the citizens of this country. And the court determined that Hernandez-Rios's previous 15-month sentence for the same crime a few years ago "did not provide specific deterrence of this particular defendant to stay on the other side of the

Mexican-United States border." *Id.* at 141–42. For these reasons, the court believed a within-Guidelines sentence was appropriate.

The court's explanation provided a reasoned basis for the sentence imposed. The record reflects that the court considered the § 3553(a) factors, listened to the parties' arguments, was fully aware of Hernandez-Rios's circumstances, and took them into consideration when sentencing him. Furthermore, "[a] court is under 'no obligation to clarify why [the] particular sentence was appropriate *rather than* an alternative.'" *United States v. Loos*, 66 F.4th 620, 625 (6th Cir. 2023) (second alteration in original) (quoting *United States v. Sexton*, 889 F.3d 262, 266 (6th Cir. 2018)). Nonetheless, the court here explained why it believed Hernandez-Rios's request for a downward variance, specifically the 20-month sentence he sought, was inappropriate. Based on this record, Hernandez-Rios has not demonstrated that the district court erred, plainly or otherwise. The sentence was procedurally reasonable.

*Substantive reasonableness*. The government interprets Hernandez-Rios's argument as a challenge to the weight that the court placed on some of the § 3553(a) factors and therefore considers his argument as a challenge to the substantive reasonableness of his sentence. Having already concluded that the argument fails for procedural reasons, we need not dwell on this long, especially given the presumption afforded to a within-Guidelines sentence like the one here. *See United States v. Drake*, 126 F.4th 1242, 1246 (6th Cir. 2025).

The court's explanation at the sentencing hearing demonstrates that it didn't attach too much weight to any factor. The court listed the § 3553(a) factors and considered the parties' arguments, Hernandez-Rios's request for a downward variance, and the recommendation set forth in the PSR. After considering Hernandez-Rios's history and characteristics, the court highlighted the need to promote respect for the law, specifically the immigration laws; to afford adequate

deterrence; and to protect the public from further crimes. As the court reviewed the § 3553(a) factors, it explained why certain factors were important. For example, the court emphasized the need to promote respect for the law, explaining that Hernandez-Rios "has demonstrated no regard and no respect for the immigration laws of our country," instead "ignoring" them "time after time after time." R. 34 Sentencing Tr., PageID 140. The court also emphasized the need to provide adequate deterrence and protect the public given Hernandez-Rios's criminal history and consistent unlawful reentry into the United States. The court then balanced its findings with respect to these factors with Hernandez-Rios's characteristics. For example, the court considered the fact that he is a father of U.S. citizen children and provides for his family. Based on the totality of the circumstances, the court found that a within-Guidelines sentence of 28 months was appropriate under the § 3553(a) factors. Hernandez-Rios has not met the heavy burden of rebutting the presumption of reasonableness applied to a within-Guidelines sentence like his and has not demonstrated that the district court abused its discretion. *See United States v. Lanier*, 2023 WL 4963190, at *12 (6th Cir. Aug. 3, 2023).

* * *

We AFFIRM the district court's judgment.